ROBERT LEE BOYKIN V. THE STATE.

No. 22975. Delivered November 29, 1944.
Rehearing Denied January 3, 1945.

14

The opinion states the case.

*Polk Shelton,* of Austin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Conviction is for assault with intent to murder upon malice aforethought; the punishment, five years in the penitentiary.

Appellant was a passenger in the taxicab driven by Bishop, the injured party. A dispute arose between them over the amount Bishop charged as the fare. According to the State's testimony, this dispute culminated in appellant's shooting Bishop in the neck with a pistol without justification or excuse. The appellant, as a witness in his own behalf, testified that, during the argument and after he had protested as excessive the amount Bishop was demanding as the fare, he said to him that he was going to get out of the car when Bishop cursed him and "reached his hand over to the glove compartment and flipped that lid on the glove compartment." Whereupon, and as Bishop was in the act of so doing, he pulled his pistol and shot, believing that Bishop was reaching for a gun or weapon and that his life was in danger. He also testified to a lack of intent to kill.

In submitting the issue of self defense, the trial court limited appellant's right to defend against an attack, real or apparent, threatening death or serious bodily injury—that is, a deadly attack. Appellant insists that he was entitled also to defend against the attack of Bishop less than deadly, as provided by Article 1224, P. C., and that the trial court should have so charged the jury. This is the sole question before us.

According to appellant's testimony, his right of self-defense arose by the words of the injured party followed by his act and demonstration in reaching for and in opening the glove compartment of the car. There is an absence of any testimony showing that the injured party made an actual attack on the appellant.

So the question before us is whether self defense from an

attack less than deadly, as authorized by Article 1224, P. C., is presented upon an apparent attack as distinguished from an actual attack.

It will be noted that Article 1224, P. C. has reference to "unlawful and violent attack." The right of self defense conferred by this Article is statutory and, to arise, must come within the statute.

It has been the consistent holding of this Court that the attack there referred to has reference to an actual attack; that it does not have reference to, nor is applicable when the injured party is about to make, an attack or is doing some act preparatory to the attack.

Joubert v. State, 136 Tex. Cr. R. 219; 124 S. W. (2d) 368; Broussard v. State, 137 Tex. Cr. R. 273; 129 S. W. (2d) 295; Jones v. State, 125 Tex. Cr. R. 454; 69 S. W. (2d) 65; Bryant v. State, 51 Tex. Cr. R. 66; 100 S. W. 371.

The attack here relied upon, being only preparatory or demonstrative, was not within the terms of the statute (Art. 1224, P. C.) The exception to the charge was properly overruled.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant again complains because of the trial court's failure to embody in the charge to the jury the doctrine laid down in Art. 1224, P. C. relative to self-defense against a lesser or milder attack. It is pointed out in the original opinion herein that Art. 1224, P. C. does not apply unless there be an actual attack in progress upon the part of the injured person. That said article does not apply to an anticipated attack, but there must be in existence an "unlawful and violent attack" upon the part of the injured person. In connection herewith it is shown that appellant testified, in substance, that he thought the person assaulted was reaching into the glove compartment of the

taxicab for some kind of weapon, but does not testify to any actual attack. For citation of late cases see Pocket Part Vernon's Ann. P. C., annotations under Art. 1224.

The motion is overruled.