## WILLIE SMITH V. STATE.

No. 24006. April 14, 1948.
Rehearing Denied May 19, 1948.

Hon. W. W. McCrory, Judge Presiding.

*Theo. P. Henley,* of San Antonio, for appellant.

*William N. Hensley,* Criminal District Attorney, *M. C. Gonzales, Arthur A. Domangue,* Assistants Criminal District Attorney, all of San Antonio, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of ten years.

The State's evidence, briefly stated, shows that on the night of June 11th, 1943, Fred Hawkins, the deceased, was in a cafe owned by Frank Hawkins where beer was also sold and served. Defendant came to the place and called Fred Hawkins out; that when Fred Hawkins responded to the call appellant said, "take your hands out of your pocket," and fired one shot from a pistol. The bullet entered the right side of deceased and emerged on the left side. The deceased fell in the street and an open knife fell out of his pocket. He was taken to a hospital where he died just before noon the next day.

Appellant's plea was self-defense. He testified that a short time prior thereto the deceased had threatened to kill him; that from that time up to the time of the killing he went armed as he was afraid of deceased; that on the night in question he was at Frank Hawkins' place of business and some one on the outside called him; that when he went out the deceased was standing on the outside near the door with his hands in his pockets; that the deceased called him, the defendant, a black s-- of a b---- and began to advance on him; that he asked deceased to take his hands out of his pockets and not to come any closer but he continued to advance toward him whereupon he shot him; that he was afraid the deceased would kill him or inflict serious bodily injury on him.

There are but two questions presented for review. The first of which relates to the action of the court in failing to instruct the jury that he had a right to defend himself against any violent attack less than one creating fear of death or serious bodily injury. The second is the sufficiency of the evidence to justify his conviction.

The court, in his charge, instructed the jury relative to the law of murder with and without malice, on the law of self-defense as against real or apparent danger, on threats, and then charged the jury that if they believed from the evidence that deceased had threatened to take the life of defendant or

had threatened to do him serious bodily injury and if from the evidence they further believed that the deceased did some act which caused defendant to believe or apprehend that his life or his person was in danger of serious bodily injury as viewed by him from his standpoint at the time, he would have a right to shoot and kill the deceased. Appellant contends, however, that in addition to the charges he was entitled, under Art. 1224, P. C., to have an instruction to the effect that he had a right to defend himself against a lesser attack; a non-felonious assault where the attack is of a violent character. We do not believe that under the facts of this case he was entitled to such an instruction. There is not any evidence that the deceased was making any attack on appellant at the time the fatal shot was fired. The deceased, according to appellant's testimony, had both hands in his pockets and started toward appellant when appellant shot him. In order to entitle appellant to an instruction on the law of a lesser attack than one producing a reasonable apprehension of fear of death or serious bodily injury the facts must show an actual attack. In the instant case, appellant, according to his own testimony, defended against an apparent and not an actual attack. Art. 1224, P. C., authorizes self-defense where the attack is of a violent character and while the person killed is in the very act of making such unlawful and violent attack and not when he is about to attack or is doing some act preparatory to an attack. See Broussard v. State, 134 Tex. Cr. R. 1 (129 S. W. (2d) 295) ; Fambro v. State, 139 Tex. Cr. R. 480 (154 S. W. (2d) 840) ; and Jones v. State, 125 Tex. Cr. R. 454 (69 S. W. (2d) 65).

No reversible error appearing in the record the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In order for the defense accorded by Art. 1224, P. C. to arise, there must be an "unlawful and violent attack."

Demonstrations as if to attack are not included within those terms of the statute.

We remain convinced that the facts did not raise the defense accorded by said statute.

The motion for rehearing is overruled.

Opinion approved by the Court.