## WALTER D. CANTRELL V. STATE.

No. 25353. June 13, 1951.
Appellant's Motion for Rehearing Denied.
(Without Written Opinion) October 10, 1951.

Hon. J. T. Brown, Judge Presiding.

*H. L. Edwards,* Nacogdoches, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder without malice; the punishment, three years.

Appellant was deputy chief of police of the city of Garrison at the time of the homicide. Deceased had partaken of a certain amount of Christmas cheer but was in nowise disturbing the peace when he was approached by appellant and notified that he was to be taken to jail. When deceased expressed some dissatisfaction at appellant's decision to incarcerate him, appellant, according to his own testimony, hit deceased over the head three times with his pistol and then fired four times in his direction, two of such bullets taking effect. Appellant defended on the grounds that deceased was in the process of making an assault on him with a knife at the time he fired the fatal shots.

Bill of Exception No. 1 is directed at the introduction of two pictures taken of the body of the deceased at the undertaker's home following the homicide.

In Griffin v. State, 150 Tex. Cr. R. 27, 198 S.W. 2d 587, in holding admissible photographs used in connection with the doctor's testimony, we said: "These photographs * * * correctly and accurately portrayed the injuries inflicted upon the deceased."

In Gibson v. State, 153 Tex. Cr. R. 582, 223 S.W. 2d 625, this court stated:

"Under this testimony and appellant's plea of not guilty and the indictment herein, it was necessary that the jury not only

should be enlightened upon the actual killing, but also upon the question of malice; and the manner of the commission of the offense oftentimes has great weight in determining the existence or non-existence of malice; * * * We think the condition evidenced by the photographs was useful to the jury in not only determining an intent to kill, but also malice, if any, was shown; and photographs have always been held admissible provided they serve to illustrate any necessary point in the cause."

If photographs serve to illustrate a disputed issue, it is immaterial that they are also inflammatory. However, we are not impressed with the inflammatory nature of the pictures in question.

Bill of Exception No. 2 complains that a photographer was permitted to identify an object in a picture as a knife. Without discussion of the propriety of such testimony, it will be observed that, except for appellant's own testimony, this was the only testimony supporting appellant's self-defensive theory that deceased was attacking him with a knife. We are aware of no rule which authorizes the appellant to complain when the state helps him make out his case.

What has been said about Bill of Exception No. 2 applies with equal vigor to his Bills of Exception, Nos. 3 and 4.

We are unable to appraise appellant's Bill of Exception No. 1a. It seeks to complain of the court's refusal of his Bills of Exception, Nos. 1-4, inclusive, by number only. It is multifarious in that it presents more than one matter for review and cannot be considered.

Finding no reversible error, the judgment of the trial court is affirmed.