W. N. McFarlane v. State.

No. 26,071. January 21, 1953.

*Wayne Somerville*, by *Ralph R. Mathis*, Attorney on Brief, *C. C. McDonald*, of counsel, all of Wichita Falls, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for aggravated assault, with punishment assessed at a fine of $300 and 90 days in jail.

The ground of aggravation charged in the information was that appellant, an adult male, committed an assault upon Dorris Bryan, a female.

In view of the disposition we make of the case, a statement of the facts is not deemed called for further than to say that they warranted the jury's conclusion of guilt.

In opening argument, state's counsel made the following statement to the jury:

" 'And also if any man beat my wife up like he (the defendant) beat her up (referring to the injured party, Doris Bryan), they would not be trying him, but they would be trying me for murder probably.' "

Appellant objected to this argument as being inflammatory and prejudicial, and also requested the trial court to withdraw same from the jury and that the jury be instructed not to consider it.

The objection and request were overruled.

Upon repeated occasions, this court has been called upon to remonstrate with state's counsel against argument which is calculated to convey to the jury that, under the immediate facts of the case, summary punishment would have been justified.

In the case of Masten v. State, 100 Tex. Cr. R. 30, 271 S. W.

920, the argument employed included the following statement:

" 'John Henard is to be commended for bringing this case into court, instead of taking the law into his own hands as you, gentlemen of the jury, or I would have done.' "

Concerning the argument, we said:

"Under the guise of earnest and impassionate debate in behalf of law enforcement, counsel will not be permitted to say, by unmistakable inference or otherwise, that in his opinion the party on trial is so clearly guilty that, had counsel been in the place of the father of the prosecutrix, he would have visited summary punishment upon the defendant. Under this sort of an argument, considering the nature of the charge against the appellant, it would have been little less than remarkable if appellant had not suffered the extreme penalty at the hands of the jury. Stanchel v. State, 89 Tex. Cr. R. 358, 231 S. W. 120."

See, also, McDuff v. State, 103 Tex. Cr. R. 668, 281 S. W. 1073, and Adams v. State, 87 Tex. Cr. R. 67, 219 S. W. 460.

We, as a nation of free and independent people, are dedicated to the principle that no citizen shall be deprived of his liberty except by "the due course of the law of the land" (Art. 1, Sec. 19, Constitution of Texas, and the Fifth and Fourteenth Amendments to the Federal Constitution), which means that punishment for crime will be imposed only by and through a trial in accordance with law. When summary punishment is recognized, sanctioned, or imposed by governmental authority, this constitutional guarantee is destroyed.

State's counsel, in argument to the jury, should not, by inference or otherwise, convey to the jury the impression that any state of facts would authorize the infliction of summary punishment by mob or individual.

The conclusion is expressed that reversible error is reflected.

The judgment is reversed and the cause is remanded.

Opinion approved by the court.