## W. N. MCFARLANE V. STATE.

No. 26,715. January 20, 1954.
Rehearing Denied March 10, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 14, 1954.

*C. C. McDonald,* Wichita Falls, and *Wayne W. Wagonseller,* Bowie, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is aggravated assault; the punishment, one month in jail and a fine of $1,000.00. The grounds of aggravation alleged were that the appellant was an adult male and the injured party was a female. The former appeal of this case will be found on 158 Tex. Cr. Rep. 194, 254 S. W. 2d 136.

Prior to the night in question ill will had existed between the participants, whose places of business were next to each other. Dorris Bryan testified that appellant assaulted her while she was on her property, drug or carried her over to his office, and there administered a severe beating.

Appellant and his witnesses testified that the injured party came into his place of business of her own volition in a bellicose mood and that he hit her three times in an effort to ward off the blows of her fists and her kicking.

The jury resolved the issue of self-defense against the appellant, and we find the evidence sufficient to support the conviction.

We shall not discuss the contentions raised by appellant's eminent attorney in his brief.

A picture of the prosecutrix made on the day following the altercation was introduced in evidence. Appellant contends the picture is inflammatory. We agree that the picture graphically shows the extent of her injuries, but that does not render it inadmissible. In Cantrell v. State, 156 Tex. Cr. Rep. 329, 242 S. W. 2d 387, we said, "If photographs serve to illustrate a disputed issue, it is immaterial that they are also inflammatory." While it is true that the charge in this case was drawn under Section 5 of Article 1147, P. C., still in such a case the jury is entitled to know the extent of the injuries inflicted in order to properly assess the punishment, and the extent of the injuries becomes an issue in the case. It could not with reason be said that because this prosecution was brought under Section 5 the witnesses would not be permitted to testify as to the nature of the injuries inflicted. The picture, if accurate, would give this evidence more vividly than the description of the witnesses. The jury in this case, by its verdict, rejected the appellant's plea of self-defense and were entitled to receive all legitimate evidence as to the nature of the injuries he had inflicted upon her.

Appellant relies, among other cases, upon Avirett v. State, 128 Tex. Cr. Rep. 627, 84 S. W. 2d 482, and Heath v. State, 151 Tex. Cr. Rep. 609, 210 S. W. 2d 586, where this court condemned the introduction into evidence of pictures of the body of the deceased. A distinction is apparent. There are no degrees of death, and therefore the pictures would not be helpful to the jury in properly assessing the punishment. Quite the contrary is true in assault cases.

Appellant contends the picture was not admissible because the proper predicate for its admission had not been laid in that the photographer who took the picture did not testify.

We quote from the learned treatise, *The Presentation of Scientific Evidence,* by the Honorable Jack Pope, 31 Texas Law Review, page 794, as follows:

". . . Perhaps the simplest predicate is that required for photographs.

" 'Is this photograph a fair and accurate representation of (the subject of the inquiry) as it existed on the day in question?'

"That simple question is the modest predicate necessary in most jurisdictions for an ordinary photograph of a still object. The question presupposes, however, that the witness is familiar with the scene. Generally speaking, the photographer need not be produced, and any person familiar with the scene will suffice."

The injured party testified:

"Q. . . . . Does that picture truly and correctly represent you as you appeared and as you looked on that morning? A. Yes, sir, except for the coloring and the bruises.

"Q. Well in a black and white picture it truly and correctly represents you does it not? A. Yes, sir."

Surely no one else was more familiar with the scene than she.

Appellant objected to the court's charge because it failed to give the appellant the right of self-defense against the appearance of danger from a lesser attack.

In Boykin v. State, 148 Tex. Cr. Rep. 13, 184 S. W. 2d 289, we said:

"It will be noted that Article 1224, P. C., has reference to

'unlawful and violent attack.' The right of self-defense conferred by this article is statutory and, to arise, must come within the statute.

"It has been the consistent holding of this Court that the attack there referred to has reference to an actual attack; that it does not have reference to, nor is applicable when the injured party is about to make, an attack or is doing some act preparatory to the attack."

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant insists that there is no testimony in the record to support the statement in our original opinion that the picture of the prosecutrix "graphically shows the extent of her injuries."

The prosecutrix testified that the picture was made the morning immediately following the night of the assault, that it was taken by Mr. Arch Greenwood, a newspaper photographer, in the courtroom. She then testified:

"Q. Does that picture truly and correctly represent you as you appeared and as you looked on that morning? A. Yes, sir, except for the coloring and the bruises.
"Q. Well in a black and white picture it truly and correctly represents you does it not? A. Yes, sir."

Under the court's charge, one of the issues for the jury was that of self-defense against an attack not threatening serious bodily injury or death. Under the charge the court properly restricted appellant's right of defense by an instruction to the effect that no greater force than appeared to appellant to be necessary could be used to repel the attack being made upon him, if any.

For this additional reason the extent of the injuries inflicted upon the prosecutrix was important to the state's case.

We remain convinced that the court did not err in admitting the picture in evidence.

Appellant again urges that his requested charge No. 3 should have been given.

By this requested charge appellant sought to have the jury instructed to the effect that if from the acts and words, or both, of the prosecutrix there was created in the mind of appellant a reasonable apprehension of danger or bodily injury and it reasonably appeared to appellant that the prosecutrix was about to make an unlawful attack upon him, he had the right to defend himself from such danger or apparent danger.

Art. 1224 P.C. authorizes self-defense against a milder attack only when a violent attack is being actually made, not when the attacker is about to attack or doing some act preparatory thereto. Smith v. State, 152 Tex. Cr. Rep. 145, 210 S.W. 2d 827; Brown v. State, 152 Tex. Cr. Rep. 440, 214 S.W. 2d 792.

The trial court fully submitted appellant's right to use force against force, and to defend himself against the claimed unlawful attack upon him by the prosecutrix, and correctly declined to extend such right of self-defense to the appearance of danger that an attack not giving rise to apprehension or fear of death or serious bodily injury was about to be made.

Remaining convinced that the appeal was properly disposed of on original submission, appellant's motion for rehearing is overruled.