## E. J. MONTES V. STATE

No. 28,134. May 9, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 30, 1956.

*Hosea L. Edwards,* Nacogdoches, for appellant.

*Robert W. Murphey*, District Attorney, *Jack Varner*, County Attorney, Nacogdoches, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

This is a conviction for murder, with punishment assessed at twenty-five years in the penitentiary.

The killing occurred as a result of the adulterous relations between appellant and the wife of the deceased. Those relations arose and appear to have been brought about by the advances and encouragement of the deceased's wife.

Appellant, the wife of the deceased, and her small daughter were parked in an automobile upon a side road some four or five hundred feet from the paved highway. The deceased drove up and started toward the car, at which time the appellant shot him with a rifle. Just prior to the shooting, deceased was heard to say, "I've got you both where I want you" and "Stop, stop, I haven't got a gun."

The defensive theory was self-defense from an attack of deceased, coupled with threats both communicated and uncommunicated.

The court submitted the law of self-defense and both direct and communicated threats and the appellant's two claims for reversal pertain to such instructions.

In charging on self-defense, the court predicated appellant's right of self-defense upon a reasonable apprehension or fear of death or serious bodily injury.

Appellant objected to the instruction on the ground that it was too restrictive and insists that he was entitled to an instruction on the right to defend himself against an attack less than deadly—as provided by Art. 1224, V.A.P.C.

Art. 1224, supra, authorizes self-defense where the attack is of a violent character and while the person killed is in the very act of making such unlawful and violent attack and not when he is about to attack or is doing some act preparatory to an attack. Jones v. State, 125 Tex. Cr. R. 454, 69 S.W. 2d 65; Broussard v. State, 137 Tex. Cr. R. 273, 129 S.W. 2d 295; and Smith v. State, 152 Tex. Cr. R. 145, 210 S.W. 2d 827.

In giving application to this statute, it has been the consistent holding of this court that an accused is not entitled to an instruction on the right of self-defense against a milder attack unless the evidence shows that the injured party was making an actual attack upon him at the time of the homicide. Boykin v. State, 148 Tex. Cr. R. 13, 184 S.W. 2d 289; Herrera v. State, 159 Tex. Cr. R. 175, 261 S.W. 2d 706; and Lopez v. State, 162 Tex. Cr. R. 533, 287 S.W. 2d 946.

The testimony of the three eyewitnesses to the shooting, including the appellant, shows that the deceased was some distance away from the appellant when the fatal shots were fired. Under the testimony, it is not shown that the deceased was making an actual attack upon the appellant at the time, and therefore an instruction on the right to defend against a milder attack was not required.

In his brief, appellant insists that the charge on self-defense is subject to the criticism as being a charge on excessive force. An examination of the charge does not reflect that it is subject to such criticism.

Appellant next contends that the court's instruction on the law of threats presents reversible error because the court required the jury, before considering the appellant's right to act thereon, to believe the threats were actually made, rather than instructing the jury that if the appellant believed the threats had been made he would be justified in acting thereon.

It has been held that a charge which requires the jury to find that the threats were actually made is erroneous, although the error is not ground for reversal if the evidence is clear and undisputed that they were made. 22 Tex. Jur., par. 299, page 1074; Carey v. State, 74 Tex. Cr. R. 112, 167 S.W. 366; Kelly v. State, 68 Tex. Cr. R. 317, 151 S.W. 304; and Fisher v. State, 146 Tex. Cr. R. 16, 170 S.W. 2d 773.

The state's witness Permer testified to a threat against appellant by the deceased. Appellant testified he had heard of the threat against him which had been made to Parmer. There was no testimony contradicting the evidence as to threats.

Under the uncontradicted testimony showing the threats to have been made, and no issue having been made thereon, we overrule appellant's contention that the charge complained of presents reversible error.

Appellant insists that the court's charge on threats was too restrictive in that it was limited to threats by the deceased to kill or inflict serious bodily injury upon him. Appellant contends that the charge should have included threats by the deceased to inflict injury upon him of less than death or serious bodily injury.

The threat relied upon by the appellant was that he had been informed that the deceased was carrying a large dirk knife for him, and that if he ever caught him he would fix him where he would never know another man or woman.

Such threat was clearly one to inflict death or serious bodily injury upon the appellant and not a threat to inflict a lesser injury upon him.

Under such testimony, we perceive no error in the court's charge limiting the jury's consideration to threats by the deceased to kill or inflict serious bodily injury.

Finding the evidence sufficient to support the conviction and no reversible error appearing in the record; the judgment of the trial court is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting:

That part of the charge which the trial court gave covering the law of threats is as follows:

"Bearing in mind the instructions hereinbefore and elsewhere given you upon the law of threats, if you find and believe from the evidence that, at the time and place alleged in the indictment, the defendant killed the said deceased but if you further find and believe from the evidence that the said deceased had theretofore made a threat or threats to kill the defendant or do him serious bodily injury, either directly to the defendant or to *any other person or persons,* and *by such person or persons information of such threat or threats was communicated to the defendant before the homicide,* and if you further find and believe from the evidence that, at the time of such homicide, the said deceased did any act or made any demonstrations manifesting *an intention or which appeared to the defendant to be manifestation* of an intention, *to then and there immediately execute such threat or threats, if so made,*

and that by reason thereof it then and there reasonably appeared to the defendant, in view of all the circumstances, and from his standpoint at the time, that such threat or threats, *if any so made,* were then and there about to be executed by the deceased, and that he, the defendant, was in an immediate danger of losing his life or suffering serious bodily injury at the hands of the deceased, then and in such event, he had the right to stand his ground and defend himself, and if, acting under such circumstances, he did so shoot and kill the deceased, he would be justified therein under the law, and if you so find and believe from the evidence or have a reasonable doubt thereof, you should acquit him." (Emphasis, supplied.)

The appellant pertinently excepted to that charge because it required the jury to find and believe that the threats by the deceased were, in fact, made.

In connection with that exception, appellant called to the trial court's attention the fact that the jury should have been instructed that his right to act thereon did not depend upon whether the jury believed that the threats had in fact been made by the deceased, but that the issue for the jury to determine, in that connection, was whether appellant believed that the threats had been made.

It has always been the holding of this court that the right of defense based upon threats by the deceased has never been made to depend upon the jury's belief that threats were, in fact, made, but rather that belief on the part of the accused that threats had been made is all that is necessary. Branch's P.C., Sec. 2984 and Sec. 2085.

That the charge, as given, was subject to the exception urged and was therefore erroneous is conceded by my brethren.

But my brethren justify the giving of the erroneous charge for the reason that there was no testimony from any witness that the deceased did not make the threats.

So, my brethren dispose of the error in the charge as being harmless, notwithstanding the fact that it related directly to one of appellant's defenses in the case.

But let us see if the charge, itself, did not raise the issue as to whether the threats were, in truth and in fact, made by the deceased. Attention is called to the fact that each time the

trial court referred to the belief by the jury of threats on the part of the deceased, in the charge as given, he coupled therewith the limitation: "if so made" and "if any so made."

The use of such words constituted a direct charge on the part of the trial judge to the jury that they were required not only to find that the threats had been in fact made but that any question as to whether the threats had been made was entirely resting in their discretion.

Not only is this the necessary construction to be given the charge but, in addition thereto, when the trial court told the jury that if the threats were "so made" or "if any" were "so made," he directly conveyed to the jury the idea that there was a doubt existing in his mind as to whether the threats had been made.

If the question of threats was to be left with the jury as not being disputed, no authority existed to place a limitation thereon. The fact that there was a limitation placed thereon conveyed to the jury that there was a very definite question as to whether the threats were made.

It is thus apparent that the trial court, in his charge, definitely raised an issue as to whether the threats were made. Therefore, there is no place, here, for an application of the rule of harmless error which the majority opinion relies upon.

Appellant was entitled to a correct charge submitting his defense. This was not accorded to him.

I respectfully dissent.