## WELDON CURRY V. STATE

No. 29,340. December 11, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 12, 1958.

*Burks & Brown,* by *Clifford W. Brown,* Lubbock, for appellant.

*William J. Gillespie,* County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for aggravated assault; the punishment, a fine of $500.

The alleged offense occurred in front of appellant's night club. The testimony of the state shows that E. J. Young struck Billy Russell, the alleged injured party, with his fist on the cheek bone, and knocked him down, then got on top of him, and that Don Goode had just pulled Young off Russell when the appellant came out of the night club and shot Billy Russell with a tear gas gun while he was getting up from the ground. Billy Russell testified that at the time he was shot he felt his "eyes go blurry;" later consulted a doctor and went to the hospital.

Dr. Nalle testified that he examined the injured party and found that "he had burns of the corneas on both sides of the clear part of the eye on both sides" and "he had a complete removal of the epithelial layer of the cornea;" that in his opinion "any burn of the eye is very serious;" and that the upper lids of the eyes and the forehead were also burned; and further testified that in his opinion tear gas could cause a serious burn to a person's eyes.

Dr. Watkins testified that upon his examination of the injured party he found that he had a severe burn of the cornea and lid of the right eye and "the margins of the lid on the left eye and the white part of the eye on the left;" that tear gas could have caused such burns and that he treated them as if they had been caused by tear gas.

Appellant, testifying in his own behalf, related the events just preceding and at the time of the shooting as follows:

"A. Well, I just kept pulling him (Russell) off, I guess I done it maybe two or three times, and then when I pulled him off the last time, he asked me if I wanted some part of him.

Q. What did you do then?

A. Well, I—when he started toward me, well, I had been sick and I didn't feel like taking a whipping myself and I surely didn't want to jump on anybody, so, that is when I popped him with the pencil."

\* \* \* \* \*

"Q. All right, now, out there on this occasion, when this boy (Russell) started at you, why did you shoot him?

A. It was in my own defense, I was scared the boy was going to jump on me; I wouldn't have never shot anybody, I don't believe in hurting people unless I am going to be hurt myself or something."

\* \* \* \* \*

"Q. All right, now, Bud (appellant), where did you aim that pencil when you fired it?

A. Well, I had it down here at my side like this, and I shot it straight out, must have been in the middle section like the others testified to."

Appellant testified on cross-examination that Russell was about eight or ten feet away at the time he started toward appellant.

Joanie Gentry, called by the appellant, testified that on the occasion in question the appellant pulled Billy 'Russell off E. J. Young several times, that the third time Russell started to Young the appellant told him to leave Young alone, then Russell with his fist clenched said, "Do you want part of me?" and started to attack the appellant, and he (appellant) then shot Russel who was about eight or ten feet away with a tear gas gun.

The evidence is sufficient to warrant the jury's conclusion that the appellant is guilty as charged.

Appellant moved to quash the complaint and information on the ground that they failed to allege the commission of the offense with sufficient particularity for him to prepare his defense. He insists that the shooting of a person with a tear gas gun is not the use of means calculated to produce serious bodily injury and that the state's pleading should allege the part of the body struck by such a shot.

The state's pleadings charge that the appellant "did then and there unlawfully in and upon Billy Russell commit an aggravated assault; and the said Weldon Curry (appellant) did then and there with a tear gas gun shoot the said Billy Russell, and did thereby inflict upon the said Billy Russell serious bodily injury * * *." These allegations conform to those set out for charging aggravated assault by the infliction of serious bodily injury in Sec. 1476 of Willson's Criminal Forms, 6th Ed. They sufficiently apprise the accused of the nature of the offense charged against him.

Appellant insists that the court erred in instructing the jury in its charge that "when an injury is caused by violence to the person, the intent to injure is presumed and it rests with the person inflicting the injury, if any, to show innocent intention." He objected thereto on the grounds that it failed to charge the jury that the intent to injure is the main element of the offense; that it assumed that he inflicted an injury on Billy Russell; and that it shifted the burden of proof.

The court instructed the jury that the use of any unlawful violence upon the person of another with the intent to injure him, whatever be the means or degree of violence used, is an assault, and that an assault becomes aggravated when it results in serious bodily injury. Art. 1138 and 1147 (6), Vernon's A.P.C. This instruction sufficiently informed the jury of the intent to injure as an element of the offense.

The instruction in the court's charge that "when an injury is caused by violence to the person, the intent to injure is presumed and it rests with the person inflicting the injury, if any, to show innocent intention" does not assume that the appellant inflicted injury upon the injured party. Stripling v. State, 47 Texas Cr. Rep. 117, 80 S.W. 376; Miller v. State, 67 Texas Cr. Rep. 654, 150 S.W. 635.

In the absence of any evidence that the injury inflicted was accidental or the act unintentional, there was no error in charg-

ing that the intent to injure is presumed and that it rests with the person inflicting the injury to show innocent intentions. Thompson v. State, 89 S.W. 1081; 4 Branch, (2d Ed.) p. 92, Sec. 1705.

Appellant contends that the trial court erred in its charge on his right to defend himself against a milder attack because it limited such right by requiring an actual attack; that the facts were to be considered from the viewpoint of the jury instead of the viewpoint of the accused; and denied his right to defend against apparent danger.

We have consistently held that the attack referred to in Art. 1224, Vernon's A.P.C., has reference to an actual attack; that it does not have reference to, nor is applicable when the injured party is about to make an attack or is doing some act preparatory to the attack.

There is no testimony showing that the injured party was making an actual attack at the time the appellant shot him, therefore an instruction on the right to defend against a milder attack under the provisions of Art. 1224, Vernon's A.P.C., was not required. Boykin v. State, 148 Texas Cr. Rep. 13, 184 S.W. 2d 289; Smith v. State, 152 Texas Cr. Rep. 145, 210 S.W. 2d 827; Herrera v. State, 159 Texas Cr. Rep. 175, 261 S.W. 2d 706; Lopez v. State, 162 Texas Cr. Rep. 533, 287 S.W. 2d 946; Montes v. State, 163 Texas Cr. Rep. 416, 291 S.W. 2d 733.

Since a charge against a milder attack was not required and without approving as correct the particular charge given, we conclude that it was not calculated to injure the rights of the appellant. Art. 666, Vernon's A.C.C.P.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.