Adam **RODRIGUEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 39365.

Court of Criminal Appeals of Texas.

March 9, 1966.

Wm. H. Hamblen, Edna, for appellant.

Wiley Cheatham, Dist. Atty., Cuero, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is murder; the punishment, life imprisonment.

It was undisputed that appellant killed the deceased by shooting him with a pistol, the homicide being committed in a bar in the city of Edna which was referred to in the testimony as the Twist Club and Sanchez's Place.

Ralph Sanchez, operator of the bar and a witness to the killing, testified that on the evening in question the deceased came into the place around 7 p. m. An hour later, appellant and a companion, Eugene Salinas, entered the place. The deceased was sitting at a table, drinking beer. Appellant and Salinas joined him at the table and began drinking. The witness Sanchez then joined them at the table. Sanchez testified that he went to the restroom and when he returned to the table appellant and the deceased were discussing who was the better man. In the discussion, after each stated that he was a good man, the deceased said, "no, I am a better man," and appellant replied, " 'I am a better man than you are.' " Appellant then reached back, pulled out a pistol, and, after saying, " 'I'll show you I am a better man than you are,' " fired the gun in rapid succession six or eight times. The witness testified that the deceased made no movement of any kind before the first shot was fired and after the first shot the deceased stood up and fell backwards.

The testimony further shows that when the officers arrived upon the scene the deceased was lying on the floor with six entrance bullet wounds in his body. One was in the forehead, three were in the chest, one in the left side, and one in the left arm. Appellant was also present and when policeman Sample entered the place appellant said to him, " 'Sir, this is what I shot him with, sir,' " and handed the officer a .25 calibre semi-automatic pistol. At such time appellant appeared to be drunk.

Testifying as a witness in his own behalf, appellant stated, in substance, that he shot the deceased in self-defense. He related that while they were seated at the table, drinking beer, the deceased bragged that he was a better man and said that he was going to hit the appellant; that when the deceased hit him with a beer bottle and advanced upon him he fired the pistol toward the table; that as the deceased continued to advance he fired several more shots until the deceased fell. Appellant stated that he was in fear of the deceased, knew that he was a dangerous man, and had known of the deceased carrying brass knucks and having fights with others. He further stated that the deceased had the reputation of winning the fights.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of self-defense.

Appellant predicates his appeal upon seven bills of exception but, in oral argument before this court, agrees with the state's contention that no reversible error is presented in his bill of exception #4.

Bill of exception #1 complains of the court's action in excusing a special venireman on objection of the state.

The bill of exception merely certifies that the venireman was excused, over appellant's objection, but does not certify that an objectionable juror was forced upon appellant. In the absence of injury being shown in the bill, no error may be predicated thereon. 5 Tex.Jur.2d 419–422, Sec. 248; Luttrell v. State, 116 Tex.Cr.R. 277, 31 S.W.2d 818.

By bill of exception #2 appellant complains that the court erred in admitting in evidence four pictures of the interior of the Twist Club, which was the scene of the killing, over the objection that the photographer who took the pictures was not present and the pictures were posed and taken at a later date.

Deputy sheriff Anderson testified that after the killing he returned to the

scene in company with a photographer and they took pictures of the interior of the building. The officer identified the four photographs introduced in evidence as pictures which he, himself, took and which represented the general appearance and condition of the place as he saw it on the night of the killing. The photographs were admitted by the court as showing the general appearance of the interior of the building. The photographs, having been shown to fairly and accurately represent the scene on the night of the killing, were properly admitted in evidence. McFarlane v. State, 159 Tex.Cr.R. 658, 266 S.W.2d 133.

Bill of exception #3 complains of the court's action in permitting Officer Sample to testify that when he arrived upon the scene after the killing, the appellant stated, " 'Sir, that was what I shot him with. I shot him,' " over the objection that appellant was under arrest.

No error is presented by the bill, as the record shows that appellant's statement was admissible as a part of the res gestae. Further, appellant in his own testimony, stated that he delivered the pistol to either Officer Sample or Buck Long and told them "that was the thing that I had that caused what happened."

By bill of exception #5 appellant complains that the court erred in not permitting him to show that the state's witness Ralph Sanchez had a criminal complaint pending against him for the offense of carrying a pistol. Appellant insists that this evidence should have been admitted to show the possibility of an agreement between the state and the witness that if the witness would give testimony in the case he would not be prosecuted on the pistol charge.

The record reflects that no proof was offered by appellant showing any connection between the charge pending against the witness and his testimony but that the state, in the jury's absence, offered proof by the county attorney that no agreement had been made to not prosecute the witness in exchange for his testimony given in the case. No reversible error is presented by the bill.

Bill #6 complains that the court erred in refusing to permit appellant to show that the deceased had entered a plea of guilty in the County Court of Jackson County, in the year 1943, to a charge of carrying brass knucks.

While proof was offered in the absence of the jury, on the bill of exception, that one Lupe Barrera Espinoza was convicted in the County Court of 'Jackson County, on July 1, 1943, of unlawfully carrying brass knucks, there was no proof that the defendant convicted was the deceased. Under the record, no reversible error is presented.

Appellant's remaining bill of exception, #7, complains that the evidence is insufficient to sustain the conviction.

The bill is overruled.

The judgment is affirmed.

Opinion approved by the Court.