COMMONWEALTH vs. IRVING KRASNER.

Plymouth. January 4, 1967. — February 2, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Tear Gas Projector. Fireworks. Fire Prevention. Public Safety.*

A tear gas projector was not an article "prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation" within G. L. c. 148, § 39, and its use was therefore not proscribed by that section even though upon being fired it in fact produced "a flash of light, a loud report, smoke and the resulting discharge of tear gas."

COMPLAINT received and sworn to in the District Court of Brockton on November 17, 1964.

Upon appeal to the Superior Court the case was tried before *Collins,* J.

*Richard S. Schultz* for the defendant.

*A. Stanley Littlefield,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J. The defendant was originally tried in the District Court on a complaint charging him with having caused "to explode . . . [a] combustible or explosive composition or substance . . . which was prepared for the purpose of producing a visible or audible effect by combustion, explosion, deflagration or detonation" in violation of G. L. c. 148, § 39. Upon appeal to the Superior Court the jury returned a verdict of "Guilty." The case is before us on a bill of exceptions.

At the trial there was evidence tending to show that the defendant became involved in an altercation with one Manderville at about 2 A.M. on November 16, 1964. "Manderville struck him on the side of the face causing the defendant to take several steps backward. . . . Manderville appeared to continue to pursue him . . . at which time the defendant drew from his pocket a tear gas projector and

caused it to be discharged in order to disable . . . Manderville. . . . [U]pon discharge of the tear gas projector there occurred a flash of light, a loud report, smoke and the resulting discharge of tear gas.''

The defendant's exceptions are (1) to the judge's instruction to the jury ''that if the defendant did in fact fire a tear gas projector and by so doing did cause an 'explosion, deflagration or detonation . . .' the jury would be warranted in finding the defendant guilty as charged''; and (2) to the judge's refusal to instruct the jury ''that it was necessary for the jury to find that the tear gas cartridge was discharged for the purpose of 'producing a visible or audible effect by combustion, explosion, deflagration or detonation' rather than for the purpose of self defense in order to warrant a finding of guilty.''

General Laws c. 148, § 39, as amended through St. 1956, c. 213, reads in material part as follows: ''No person shall . . . use, explode, or cause to explode, any combustible or explosive composition or substance, or any combination of such compositions or substances or any other article, *which was prepared for the purpose of producing a visible or audible effect* by combustion, explosion, deflagration or detonation, including in the above terms blank cartridges or toy cannons . . . firecrackers, torpedoes, sky-rockets, Roman candles, . . . or other fireworks of like construction or any fireworks containing any explosive or flammable compound, or any tablets or other device containing any explosive substance; provided, that the term 'fireworks' as used herein shall not include . . . [several listed items]'' (emphasis supplied).

The clear intent of the statute is to proscribe the use of certain fireworks and related devices. We are not inclined to expand the scope of the statute to include a device which is not within the general description of ''fireworks'' set out in this statute, even though such a device may have some of the characteristics of fireworks and conceivably may be just as dangerous.

To fall within this statute, the device which is exploded must have been ''prepared for the purpose of producing a

visible or audible effect." The list of various fireworks enumerated in the statute shows plainly the type of devices sought to be proscribed. It is not enough that the "combustible or explosive composition or substance" did, in fact, produce a visible or audible effect. There are instances where articles could produce such an effect yet these articles would obviously be outside the scope of the statute. A backfiring car and the striking of an ordinary kitchen match are two examples which come readily to mind.

It was error for the judge to instruct the jury that they would be warranted in finding the defendant guilty if he in fact did cause an "explosion, deflagration or detonation." It was also necessary that the tear gas projector be an article which was prepared for the primary purpose of producing a visible or audible effect as contemplated by this "fireworks" statute.

We do not agree with the defendant's contention that the statute did not prohibit the use of a device falling within the purview of the statute if the device was used in self-defence. Articles enumerated in the statute might be used in self-defence yet the explosion of these articles is nevertheless prohibited. It is the purpose for which the device is manufactured, the production of a visible or audible effect, which is controlling, not the purpose for which the device is used.

We are mindful of the potential dangers of tear gas projectors, as well as their potential value as weapons of self-defence. Several jurisdictions have considered the problem of whether such devices were proscribed by existing statutes. See *State* v. *Umbrello,* 106 N. H. 336; *State* v. *Seng,* 91 N. J. Super. 50; *Curry* v. *State,* 309 S. W. 2d 438 (Tex. App.).

We are not now presented with the issue of whether tear gas projectors or their use are proscribed by any of our other statutes. We hold only that they are not proscribed by G. L. c. 148, § 39.

*Exceptions sustained.*
*Judgment for the defendant.*