Wesley William **WRIGHT, Jr.**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41992.

Court of Criminal Appeals of Texas.

April 23, 1969.

Max Blankenship, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., William A. Knapp and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for murder; the punishment, fifty years.

The record reflects that Wesley William Wright, Jr., shot and killed Buford Dement with a pistol in the Glass Key Night Club in Fort Worth.

■ In the first ground of error it is contended that the trial court erred in admitting into evidence photographs of the interior of the Glass Key, because the prop-

er predicate had not been laid. Albert Huey testified that he was the owner of the Glass Key, and before the photographs were offered, he stated that State's Exhibit No. 1 fairly and accurately represented his place on December 2, 1967, the date of the homicide; that State's Exhibit No. 2 fairly and correctly portrayed his place; and, that State's Exhibit No. 3 fairly, truly and accurately portrayed his place of business at the time. In Rodriquez v. State, Tex.Cr.App., 399 S.W.2d 818, this court held: " * * * The photographs, having been shown to fairly and accurately represent the scene on the night of the killing, were properly admitted in evidence."

A proper predicate was laid. No error is shown.

■ Appellant next contends that the trial court erred in admitting into evidence statements made by appellant at the time of the shooting. Sonny Samson Steel testified that he was a "special policeman" or bouncer hired by the owner of the Glass Key; that appellant had a gun in his hand, and Buford Dement, the deceased, had his hand on the barrel. After appellant had shot Dement, Steel grabbed the gun and wrested it away from him. Dement said: "Help me, man, I'm shot," and he fell to the floor. Steel testified that he asked appellant: "Why did you shoot him?", and the following transpired:

"Q. (Mr. Zachary, Assistant District Attorney) What did he reply?

Mr. Blankenship (Appellant's counsel): Objection.

The Court: Overruled.

" * * *

"A. He told me, he said, 'well the black s—— o— b———— is the cause of my brother being killed.'

"Q. Is that all that he said?

"A. No, sir. He said, 'so I'm going to kill that s—— o— b————.' "

The trial court had sufficient facts to conclude that the statement was spontaneous and was admissible under the "verbal act" doctrine which is often referred to as the res gestae rule. Even though the statements were made after the shooting, the doctrine is still applicable. Ramos v. State, Tex.Cr.App., 419 S.W.2d 359. Further, if appellant was under arrest when the statements were made, the trial court had sufficient evidence to conclude that the statements were res gestae of the arrest under Art. 38.22, Sec. 1(f), V.A.C.C.P., which provides in part: "Nothing contained herein shall preclude the admissibility * * * of any statement that is the res gestae of the arrest or of the offense." See Moore v. State, 440 S.W.2d 643 (Delivered April 16, 1969).

No error is shown; the second ground of error is overruled.

The evidence is sufficient to support the conviction.

The judgment is affirmed.