Ulysses Charles **FOBBS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43901.

Court of Criminal Appeals of Texas.

June 23, 1971.

Stiles & Cribbs, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and Lawrence J. Gist, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of indecent exposure to a child; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Appellant alleges three grounds of error, the first being that the trial court erred by admitting into evidence state's exhibits without the proper predicate having been made. The complained of exhibits were four photographs identified by the complaining witness. After he identified the pictures the following is revealed in the record:

"Q. (By State's Attorney) And everything out there that day did it look like it does in these pictures I have shown you?

"A. Yes, sir."

This was sufficient to show that the photographs fairly and accurately depicted the scene on the date of the offense and were properly admitted into evidence. Wright v. State, Tex.Cr.App., 440 S.W.2d 646; Rodriguez v. State, Tex.Cr.App., 399 S.W.2d 818; McFarlane v. State, 159 Tex. Cr.R. 658, 266 S.W.2d 133; 23 Tex.Jur.2d 478, Evidence, Sec. 329.

Ground of error number one is overruled.

Next, appellant contends that the court abused its discretion in holding the complaining witness to be competent to testify. The witness was first interrograted by the court on voir dire out of the jury's presence. He testified that he was eleven years old, knew when his birthdate was, lives with his parents and was in the sixth grade and made good grades in school. He stated that he knew the difference between telling the truth and a lie and he knew what a lie is. He testified that he remembered what happened at the scene and knew that if he did not tell the truth he would be punished; that he attended church and that he learned that he is to tell the truth and the Lord would tell him to tell the truth. It is apparent that he intelligently understood the nature and obligation of his oath. 61 Tex.Jur.2d 606, Witnesses, Sec. 63.

We conclude that the witness was competent to testify and no abuse of discretion is shown. See Article 38.06, Sec. 2, Vernon's Ann.C.C.P.

Ground of error number two is overruled.

Finally, appellant contends that "the judgment of conviction is erroneous as a matter of law and should be set aside or reformed." Appellant, over objection of his counsel, testified in his own behalf. He admitted that he had been convicted of the prior offenses set out in the indictment alleged for enhancement in the cause and the court found the enhancement counts "true and correct" and assessed punishment " * * * at confinement in the Department of Corrections of the State of Texas for life." We agree that the sentence should be, and it is hereby reformed to read that "the said Ulysses Charles Fobbs shall be confined in said penitentiary for life" (as pronounced in the judgment) instead of for a term "of not less than two nor more than life." [1]

There being no reversible error, the judgment as reformed is affirmed.

---

1. The indeterminate sentence law does not apply under Art. 63, V.A.P.C.