NO. 12-01-00034-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WYVON DEVRON MCDONALD,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Wyvon Devron McDonald ("Appellant") was convicted of manslaughter and sentenced to
imprisonment for twenty years. Appellant raises two issues on appeal. We affirm.


Background

 Appellant and her boyfriend, Leroy Sims ("Sims"), lived together and had a young daughter. 
On July 11, 2000, they had guests at their house. Throughout the day, Appellant and Sims argued
about their young daughter, who was continually wandering out of the house and into the backyard. 
During the argument, Appellant's cousin took their daughter away from the house. Appellant
testified that Sims brandished a handgun he had retrieved from the bedroom and struck her with it. 
Appellant testified that she heard the gun click behind her right ear, but could not say whether Sims
had pulled the trigger. When Sims put the gun down on the counter, Appellant took the gun and ran
to the back door where she fired it twice, purportedly in an attempt to unload it. Both shots hit a
nearby mobile home. Then, Appellant ran through the house, out the front door toward the street,
and stopped near a tree in the front yard. Meanwhile, Sims walked to the front porch and dialed 9-1-1 on the portable phone. Appellant testified that she was trying to unload the gun when it fired and
fatally wounded Sims. The 9-1-1 dispatcher, Deborah Ramsey, testified regarding her telephone
conversation with Sims, a tape recording of which was admitted into evidence. As the State detailed
in its brief, and as Appellant confirmed in her testimony, following the fatal shooting of Sims,
Appellant could be heard on the 9-1-1 tape recording repeatedly saying, "Who's the bitch now?" 
Appellant testified that she attempted to revive Sims, but he later died from the gunshot wound.

 Appellant was indicted for murder and tried by a jury in January 2001. Following the
presentation of the State's evidence, Appellant made a motion for a directed verdict, which was
denied. The State requested that manslaughter be submitted in the jury charge as a lesser-included
offense, and Appellant did not object. Appellant requested that a self-defense instruction be
submitted in the jury charge, but her request was overruled. The jury found Appellant guilty of
manslaughter and sentenced her to imprisonment for twenty years.


Evidentiary Sufficiency

 In her first issue, Appellant contends that the trial court improperly denied her motion for a
directed verdict because the evidence was insufficient to prove her guilty of murder beyond a
reasonable doubt. Specifically, Appellant argues that the evidence failed to establish that she either
intentionally or knowingly caused Sims's death. Appellant also challenges the factual sufficiency
of the evidence on these same grounds.

 A challenge to the trial judge's ruling on a motion for a directed verdict is, in actuality, a
challenge to the sufficiency of the evidence to support the conviction. See Madden v. State, 799
S.W.2d 683, 686 (Tex. Crim. App. 1991) (emphasis added), overruled on other grounds, Geesa v.
State, 820 S.W.2d 154, 160-61 (Tex. Crim. App. 1992). In reviewing the sufficiency of the
evidence, we consider all the evidence, both State and defense, in the light most favorable to the
verdict. Id. (emphasis added). If the evidence is sufficient to sustain the conviction, then the trial
judge did not err in overruling the appellant's motion. Id. (emphasis added). Appellant argues that
the evidence was insufficient to support the indicted offense of murder. Specifically, Appellant
contends that the evidence was insufficient to support the mens rea component of murder, which is
wholly different from the mens rea component of manslaughter, the crime for which Appellant was
convicted. Compare Tex. Pen. Code Ann. § 19.02(b) (Vernon 1994), with Tex. Pen. Code Ann.
§ 19.04(a) (Vernon 1994). As a legal sufficiency challenge must be based on a contention that the
evidence is insufficient to sustain the conviction, see, e.g., Madden, 799 S.W.2d at 686 (emphasis
added), it follows that an argument that the evidence is insufficient to satisfy the elements of a crime
for which Appellant was not convicted is irrelevant.

 Moreover, we cannot interpret Appellant's sufficiency challenge as relating to her
manslaughter conviction. The court of criminal appeals has held that a defendant who does not
object to the inclusion of a lesser included offense, such as manslaughter, has accepted the benefit
of that instruction and is estopped from complaining on appeal that the evidence failed to establish
all the elements of the lesser offense. See State v. Lee, 818 S.W.2d 778, 781 (Tex. Crim. App.
1991), overruled on other grounds, Moore v. State, 969 S.W.2d 4, 10 (Tex. Crim. App. 1998); Bisco
v. State, 964 S.W.2d 29, 30 (Tex. App.-Tyler 1997, writ ref'd) (extending the analysis in Lee to a
factual sufficiency challenge). Appellant made no objection to the submission of the lesser included
offense of manslaughter in the jury charge. Therefore, we hold that Appellant has waived any claim
on appeal that the evidence is insufficient to support her conviction for manslaughter. Appellant's
first issue is overruled.


Self-Defense

 A person is justified in using force against another when and to the degree he reasonably
believes the force is immediately necessary to protect himself against the other's use or attempted
use of unlawful force. Tex. Pen. Code Ann. § 9.31(a) (Vernon Supp. 2002). A person is justified
in using deadly force against another: (1) if he would be justified in using force against the other
under section 9.31, (2) if a reasonable person in the actor's situation would not have retreated, and
(3) when and to the degree he reasonably believes the deadly force is immediately necessary to
protect himself against the other's use or attempted use of unlawful deadly force. See Tex. Pen.
Code Ann. § 9.32(a) (Vernon Supp. 2002). The defendant has the initial burden of producing some
evidence to justify submission of a self-defense instruction. See Tidmore v. State, 976 S.W.2d 724,
729 (Tex. App.-Tyler 1998, pet. ref'd). The trial court must give a jury instruction on a defensive
theory raised by the evidence regardless of whether such evidence is strong, feeble, impeached, or
contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. 
See Castaneda v. State, 28 S.W.3d 216, 224 (Tex. App.-El Paso 2000, pet. ref'd), citing Brown v.
State, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997). In order to be entitled to an instruction on the
use of deadly force in self defense, the defendant must produce some evidence on each of the three
elements of section 9.32. See Henderson v. State, 906 S.W.2d 589, 594-95 (Tex. App.-El Paso
1995, pet. ref'd). If the issue is raised by any party, refusal to submit the requested instruction is an
abuse of discretion. See Castaneda, 28 S.W.3d at 224. However, where the evidence fails to raise
a defensive issue, the trial court commits no error in refusing such a request. Id.

 Appellant argues on appeal that her testimony alone was sufficient to support the submission
of a charge on self defense to the jury. We disagree. (1) Although Appellant testified that the argument
between her and Sims accelerated when he hit her with the handgun, it is undisputed that Appellant
took the handgun when Sims set it on the counter. Moreover, Appellant testified that she ran out the
front door of the house toward the street and was standing in the front yard while Sims stood on the
front porch talking on the telephone. In order to be entitled to a charge instruction on her self-defense claim, the evidence must show that Appellant reasonably believed the deadly force was
immediately necessary to protect herself against Sims's use or attempted use of unlawful deadly
force. See Tex. Pen. Code Ann. § 9.32(a)(3)(A) (emphasis added). Self defense is authorized
where the attack is of a violent character and while the person killed is in the very act of making such
unlawful and violent attack and not when he is about to attack or is doing some act preparatory to
an attack. See Montes v. State, 291 S.W.2d 733, 735 (Tex. Crim. App. 1956) (emphasis added). 
There is no evidence in the record before us to support the proposition that when Appellant shot
Sims, he was in the very act of making a violent attack, nor that he was preparing to violently attack
Appellant. Rather, Appellant's testimony, the testimony of other witnesses and other evidence of
record demonstrate that Sims was standing on the porch away from Appellant and was using the
telephone to call 9-1-1.

 We further find no evidence in the record supporting that a reasonable person in Appellant's
situation would not have retreated. See Tex. Pen. Code Ann. § 9.32(a)(2). The record reflects that
Appellant ran toward the street and was standing in the front yard when she fired the shot that killed
Sims. Further, Appellant testified that no one at the house attempted to restrain or subdue her when
she was in the front yard with the handgun. Thus, we conclude that the evidence in this case fails
to raise a defensive issue as Appellant failed to produce some evidence on each of the three elements
set forth in section 9.32 of the Penal Code. See Henderson, 906 S.W.2d at 594-95. Therefore, we
hold that the trial court did not abuse its discretion in refusing to submit an instruction on self
defense in the jury charge. See Castaneda, 28 S.W.3d at 224. Appellant's second issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


Opinion delivered January 23, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.

























(DO NOT PUBLISH)
1. In our analysis of this issue, we considered all sources of relevant evidence of record, not just Appellant's
testimony.