

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by complaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proceedings appear to be regular, and the judgment is affirmed.

## BARTON v. STATE.
### No. 24852.

Court of Criminal Appeals of Texas.
May 10, 1950.

None on appeal, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by complaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proceedings appear to be regular, and the judgment is affirmed.

## BARBER v. STATE.
### No. 24851.

Court of Criminal Appeals of Texas.
May 10, 1950.

None on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged in the County Court at Law of Travis County by com-

plaint and information with the offense of unlawfully operating a motor vehicle upon a public street while he was under the influence of intoxicating liquor. He plead not guilty to such charge, but was found guilty by a jury and his penalty assessed at a fine of fifty dollars, from which judgment this appeal is perfected.

Neither statement of facts nor bills of exceptions are brought forward in the record. The proceedings appear to be regular, and the judgment is affirmed.

## ROYAL v. STATE.
### No. 24721.

Court of Criminal Appeals of Texas.
May 10, 1950.

Vincent Ferrell, Linden, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

In his motion for rehearing it is argued that the opinion is contrary to that expressed in Burt v. State, 138 Tex.Cr.R 540, 137 S.W.2d 1045, and many others, some of which were discussed in the Burt case. We will not discuss all of the decisions referred to. The Burt case will serve as a fair example to illustrate the point at issue.

Burt was an officer. He attempted to arrest a party who was fleeing by shooting at him and was charged with murder. He said: "I drew my gun to fire to the right of him. I didn't intend to hit the boy at all. He hadn't done nothing to me to try to kill him because I was a little officer down there. It wasn't my intention to do that at all. My intention was to shoot kind of to the right of him and possibly stop him. I didn't have any intention to hit the boy and kill him—nothing like that." In other words, striking the injured party was an accident, according to Burt's evidence, while in the case now before us appellant did exactly what he intended to do. He shot at the injured parties and hit them. The only defensive evidence in the case was that, in shooting at them, he did not intend to kill them. We think that issue was submitted to the jury in a proper manner and that the opinion is not in conflict with the Burt case, nor with the other cases discussed in that opinion.

Appellant's motion for rehearing is overruled.

## VISOR v. STATE.
### No. 24761.

Court of Criminal Appeals of Texas.
May 10, 1950.