ROBERTA ROBERSON V. STATE

No. 28,113. April 25, 1956.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 30, 1956.

*Hubert T. Faulk,* El Paso, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted in the corporation court of the city of El Paso of unlawfully operating a public dance hall, without having present a special police officer, provided at her expense and duly appointed as provided by ordinance, in violation of Ordinance No. 1,393 passed by the city council of said city.

From a judgment of conviction in that court she appealed

to the El Paso County Court at Law of El Paso County, where, upon a trial de novo, she was again convicted and assessed punishment of a fine of $175.00.

Appellant insists that the county court acquired no jurisdiction of her appeal because the appeal bond filed in the corporation court was invalid in that it did not meet the requirements of an appeal bond as prescribed by Art. 833, V.A.C.C.P., governing the appeals from justice and corporation courts.

The bond made and filed by appellant in the corporation court, omitting certain portions thereof, recites:

"WHEREAS, said Defendant * * * has appealed to the County Court at Law of El Paso County, Texas.

"THEREFORE, we, * * *, as Principal, and * * * as sureties, do hereby bind ourselves, our heirs, executors and administrators, jointly and severally, * * *.

"CONDITIONED, that the said Roberta Roberson shall well and truly make her personal appearance before the County Court at Law of El Paso County, Texas, at El Paso, Texas, instanter * * * * ."

It is appellant's contention that since there has been created and exists in El Paso County two courts designated as "El Paso County Court at Law," Art. 1970-127, V.A.R.C.S., and "County Court at Law No. 2 of El Paso County, Texas," Art. 1970-141.1, the recitation in the bond that the appeal was taken to the "County Court at Law of El Paso County, Texas" was insufficient to perfect the appeal to the "El Paso County Court at Law" and was further defective because the bond did not designate to which of the two courts the appeal was taken.

We find no merit in this contention. The description of the court in the bond clearly designates as to which court the appeal was taken, namely; the "County Court at Law of El Paso County, Texas." Such description of the court was sufficient to show that the appeal was taken to the County Court at Law in El Paso County designated as "El Paso County Court at Law."

The recitation in the bond binding appellant to appear before the County Court at Law "at El Paso, Texas" sufficiently stated and informed appellant of the place she was bound to appear.

We overrule appellant's contention that the bond was more onerous than the law requires because it purports to bind not only the principal and sureties, but their heirs, executors and administrators.

Appellant questions the validity of the ordinance under which the prosecution is based.

Section (1) of the ordinance provides: "No person shall operate a public dance hall or hold a public dance for profit without first registering with the Police Department his name and residence address and the address of the place where such dance hall is operated or such dance held."

Section (2) of the ordinance requires that any person operating such dance hall or holding such dance shall, at his own expense, have present at all times, while dancing is permitted, a special police officer, appointed as provided in the ordinance authorizing the appointment of special policemen, etc.

Under Section (3), a "public dance hall" is defined as to include "any place the principal purpose of which is the furnishing, for profit, of facilities for dancing; or any place where facilities for dancing are furnished, with or without charge, as an incident to the operation of any restaurant, bar, or other place of entertainment, if wine or beer is sold therein or if ice or glasses for use with alcoholic beverages or intoxicating liquor (commonly called 'set-ups') are provided for customers."

It is the appellant's contention that the provision of Section (1) requiring that the person register his name and address with the police department is so vague, indefinite and uncertain that it is not capable of being complied with by a person desiring to do so. Appellant argues that the requirement that the person register with the police deparment is too vague and uncertain because the ordinance does not prescribe with whom in the police department the person must register.

We do not think that the failure to designate with whom in the police department the person must register renders the ordinance vague and uncertain. The term "Police Department" has a clear and well understood meaning, and any person desiring to comply with the ordinance in question could easily ascertain with whom in the department he should register. An ordinance is not uncertain because it does not define words

having a clear and well understood meaning. Sec. 30 A, Tex. Jur., Municipal Corporations, par. 307, page 302.

The sufficiency of the evidence is challenged.

The evidence is undisputed that the appellant was the owner and operator of a place of business in the city of El Paso known as "The Rendevoux Bar."

The state's evidence shows that, on the night in question, four officers went to the place which appeared to be open to the public. According to the officers' testimony, there were some twenty-five or thirty people present, including the appellant. A nickelodian was playing and the officers observed two or three couples dancing and a waitress serve some beer and register the money in the cash register. The officers also observed people at a table with a gallon of gin and set-up around it.

Appellant admitted that she had no special officer present and defended on the ground that the place was not open to the public on the occasion in question. She testified that she had turned the place over to her son-in-law, who was having a wedding anniversary party, and that the place was closed to the general public. Appellant's testimony was supported by the testimony of her son-in-law and other witnesses, who testified that the place was not open for business but was being used by him for the party.

The jury chose to accept the testimony of the state's witnesses, and we find the evidence sufficient to support their verdict.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.