## MATTIE BOOKER V. STATE

No. 28,800. May 1, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 12, 1957.

*Gordon R. Wellborn, Rex Houston,* and *James N. Phenix,* Henderson, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Under an indictment charging assault with intent to murder, the appellant was convicted of aggravated assault and punishment fixed at two years in jail.

The injured party was the husband of the appellant. Marital differences had reached the point where the husband and wife had divided between them certain personal property.

According to the testimony of the injured party, the first thing he remembered after having retired and gone to sleep was awakening in the hospital, with one eye "knocked out" and a "busted" skull.

Other facts, deemed unnecessary to set forth, are sufficient to show that appellant inflicted the injuries upon her husband with a crowbar or pinch bar while he lay asleep.

Appellant admitted that she struck her husband with the crowbar but claimed that such was in her own necessary defense while her husband was attempting to make an attack upon her.

The testimony of appellant, alone, was sufficient to warrant the trial court's action in refusing to charge upon circumstantial evidence, as requested by her.

In connection with her self-defense theory, appellant claimed that the injured party was in the act of attempting to reach for and get hold of a shotgun for the purpose of carrying out his threat to kill her. She did not say that the injured party had had the gun in his possession or was using it.

Appellant reserved an exception to the charge of the court because of the failure to submit to the jury the presumption arising from the use by the injured party of a deadly weapon, as provided by Art. 1223, P.C.

The construction placed upon that statute is that in order for it to be applicable the deadly weapon must, in fact, be used by the injured party. Mere possession or an attempt to use or to secure the weapon was not sufficient to invoke the presumption of the statute. DeVault v. State, 159 Texas Cr. Rep. 360, 264 S.W. 2d 126; Torres v. State, 158 Texas Cr. Rep. 224, 254 S.W. 2d 398; Threadgill v. State, 156 Texas Cr. Rep. 157, 239 S.W. 2d 813.

The facts above stated are also pertinent to a determination of appellant's contention that she was entitled to have the jury instructed upon her right to defend against the lesser or milder attack, as distinguished from a deadly attack, as provided in Art. 1224, P.C.

For that statute to apply, there must be an actual and violent attack on the part of the injured party. It does not apply where the facts show only an apparent attack or the preparation to make an attack or to carry out a threat. Smith v. State, 152 Texas Cr. Rep. 145, 210 S.W. 2d 827; Brown v. State, 152 Texas Cr. Rep. 440, 214 S.W. 2d 792; Herrera v. State, 159 Texas Cr. Rep. 175, 261 S.W. 2d 706.

Since the evidence, here, did not raise an actual attack by the injured party, no necessity existed for the trial court to charge upon the milder attack.

Appellant's remaining contentions relating to the charge of the trial court have been examined and are overruled without discussion.

Appellant complains of certain arguments of state's counsel.

Such arguments by counsel violated no mandatory or statutory rule. There is nothing in the arguments suggesting that appellant was in any manner injured thereby.

It must be remembered that from the state's standpoint this was a vicious and deadly assault, with serious and permanent injuries inflicted.

Under such state of facts, we are unable to say that the jury, in returning a verdict of aggravated assault, only, was in any manner actuated by anything said by state's counsel in argument.

We have examined the remainder of appellant's contentions and fail to find reversible error reflected therein.

The judgment of the trial court is affirmed.