W. A. EVANS V. STATE.

No. 30,971. November 18, 1959.
Motion for Rehearing Overruled January 13, 1960.

*Frank Sparks*, Eastland, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction under a two-count information.

Count #1 alleged and charged the unlawful sale of beer, in a dry area, to Charles E. Monk, on the 17th day of November, 1958.

To enhance the punishment under that count it was alleged that, in connection therewith, appellant had been convicted on September 17, 1957, of the unlawful possession of intoxicating liquors for the purpose of sale in a dry area.

The jury found appellant guilty under count #1 and assessed his punishment at ninety days in jail and a fine of $200.

Count #2 charged the unlawful sale of beer, in a dry area, to Charles E. Monk, on November 19, 1958, which was two days following the sale alleged in count #1.

The jury found appellant guilty under count #2 and assessed his punishment at one hundred twenty days in jail and a fine of $300.

Monk, the alleged purchaser, was an undercover agent of the Texas Liquor Control Board, and his testimony is deemed sufficient to warrant the jury's conclusion of guilt.

Appellant appears not to challenge that conclusion. He relies for a reversal of the conviction upon what he claims is the erroneous argument of state's counsel made in closing argument, wherein state's counsel stated to the jury:

"In this area, it is a dry area as the Court has charged you. And the business of liquor, apparently, is a rather profitable thing. But, like I say: if you want to turn these people loose, send them on their way. Send him back to his trailer house and let him go back and sell his beer and sack his dollars. That is your prerogative; but when you do, the law says that when you convict people of a crime, the purpose of it is to convict him because he is guilty, and then to deter others. And if you want to turn him loose, and the other people have got their ear to the ground to see what these juries are doing in these bootlegging cases from day to day [sic]."

The bill of exception presenting the question certifies that the argument was not provoked, incited, or invited by appellant or his counsel.

The objection to the argument was that it was outside the record.

It has long been the established rule that ordinarily a reversal of a conviction because of argument of state's counsel will result only when some mandatory statute is violated or some new fact is injected into the case or the language complained of is manifestly improper, harmful, and prejudicial. Vineyard v. State, 96 Texas Cr. Rep. 401, 257 S.W. 548; Heidle v. State, 129 Texas Cr. Rep. 201, 86 S.W. 2d 641; Gordon v. State, 149 Texas Cr. Rep. 378, 194 S.W. 2d 775.

The argument here complained of would fall only within that part of the rule prohibiting improper and prejudicial argument.

We are unable to agree with this appellant's contention that the argument complained of falls within that rule. The facts show that appellant was guilty of the unlawful sale and possession for sale of intoxicating liquors on at least three occasions within a period of a little over a year.

It would hardly be highly improper, under such circumstances, to talk about "bootlegging cases" or the effect thereof.

We are unable to agree that the argument complained of constitutes reversible error. In support of that conclusion, see: Williams v. State, 145 Texas Cr. Rep. 536, 170 S.W. 2d 735, and King v. State, 141 Texas Cr. Rep. 257, 148 S.W. 2d 199.

The judgment of the trial court is affirmed.