WILLIE ODELL MAYS V. STATE

No. 32,354.   October 19, 1960

Motion for Rehearing Overruled November 30, 1960

*Ivan Irwin, Sr.* and *Pete White,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Frank W. Watts, Thomas B. Thorpe, William F. Tucker, Phil Burleson,* Assistants District Attorney, Dallas, and Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice; the punishment, 5 years.

The prior appeal of this case is reported at 167 Tex. Cr. Rep. 339, 320 S.W. 2d 13.

One Faubion testified that he was seated in appellant's tavern talking to appellant's wife on the afternoon in question when she instructed the waitress not to serve deceased any more beer, that appellant's wife spoke to appellant through a service window, and he entered the barroom and accosted deceased as deceased was walking in the direction of the door. He testified further that at this juncture he turned to again speak to appellant's wife, at which time he heard the explosion of a weapon, saw deceased on the floor and appellant standing nearby with a pistol in his hand. It was established by medical testimony that deceased died from a wound caused by a pistol bullet which severed his spine.

Officer Brogan testified that he arrived upon the scene shortly after the shooting and that appellant stated he had shot deceased because he had insulted his wife.

Appellant did not testify or offer any evidence in his own behalf.

The questions presented for review are the alleged errors of the trial court in failing to charge the jury on self defense from an attack less than deadly, negligent homicide, and aggravated assault. The testimony upon which appellant relies as raising the above issues came in the case in the form of police reports. We quote the excerpts thereof most favorable to appellant:

"Lovelady (deceased) drew back as if he was going to hit suspect (appellant). Suspect then states that he pulled a gun from his right pocket to hit Lovelady in the head when the gun went off shooting him in the right side of the mouth."

"W. O. Mays (appellant) asked subject to leave grabbing his arm, and leading him to door, subject (deceased) started to fight. W. O. Mays pulled a gun from his right pocket and hit a subject with the gun. The gun went off, hitting compl. (sic) in right side of mouth."

It has been the consistent holding of this court since Boykin v. State, 148 Tex. Cr. Rep. 13, 184 S.W. 2d 289, that a charge under Article 1224, V.A.P.C., is not required when the injured party is about to make an attack or is doing some act preparatory to the attack. See also Curry v. State, 156 Tex. Cr. Rep 379, 242 S.W. 2d 421; Herrera v. State, 159 Tex. Cr. Rep. 175, 261 S.W. 2d 706; McFarlane v. State, 159 Tex. Cr. Rep. 658, 266 S. W. 2d 133; and oJhnson v. State, 167 Tex. Cr. Rep. 289, 319 S.W. 2d 720.

The trial court instructed the jury to acquit if they found that the killing was accidental. This sufficiently protected appellant's rights. Babin v. State, 149 Tex. Cr. Rep. 339, 194 S.W. 2d 563, and Combs v. State, 52 Tex. Cr. Rep. 613, 108 S.W. 649.

We do not conclude that the issue of aggravated assault was raised by the evidence. Fields v. State, 160 Tex. Cr. Rep. 498, 272 S.W. 2d 120, and Barton v. State, 162 Tex. Cr. Rep. 75, 282 S.W. 2d 237.

Finding no reversible error, the judgment is affirmed.