## Bertha Lee Howard v. State

No. 34,641. May 23, 1962

*John Cutler*, Houston, for appellant.

*Frank Briscoe*, District Attorney, *Carl E. F. Dally, Lee P. Ward, Jr.*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder; the punishment, life imprisonment.

The evidence is undisputed that appellant killed the deceased by shooting him with a pistol, the homicide occurring at the appellant's home in the city of Houston.

When the officers arrived upon the scene after the shooting, the deceased's body was found in a sitting position on the living room floor, with a .22 calibre pistol in his right hand. Appellant, who was present at the scene, told the officers that she had shot the deceased and pointed the pistol out to them as the weapon she had used.

Following her arrest, appellant made and signed a voluntary written statement in which she admitted shooting the deceased with the pistol. The statement, omitting certain portions, which were offered by appellant, was introduced in evidence by the state.

In the statement, appellant stated that on the night in question she and the deceased had been out together, drinking beer; that

after they returned to her home and were lying on the bed, the deceased began fussing about what she had been doing while he was gone; that he got up and asked her to walk out to the car with him; that she got up, put on her house coat, and, after securing a .22 calibre pistol from a dresser drawer, went to the car with him; that when they got outside the deceased "kept on talking about what he was going to do to me" and asked her to get in the car, which she did; that while they were in the car "Eddie [the deceased] acted like he was going to attack me," and she pulled the pistol from her pocket and fired one shot. Appellant stated that after firing the shot the deceased took the pistol from her; that she then ran and crawled under a house next door and the deceased, after firing two or three shots at her, went into her house looking for her.

Testifying as a witness in her own behalf, appellant related how she and the deceased had been to several cafes together, drinking beer, on the night in question. She stated that after they returned to her home and she had partially undressed, the deceased began talking about what "he was going to do to me," which she understood to mean that he was going to commit an act of sodomy upon her, like he had done once before; that he asked her to go get in the car and she refused; that he then pulled her out of the house to the car; that she ran back inside the house, grabbed her "duster" and secured the pistol from the dresser drawer; that as she started out of the house the deceased came to the front door and again pulled her to the car, and, after he forced her to get in the car and started backing it out of the driveway, she fired the pistol "to stop him from doing what he said he was going to do to me".

Appellant testified that on an occasion prior to the day of the killing, the deceased had taken her in his automobile to a certain place in the city and had forcibly committed an act of sodomy upon her, by placing his privates in her rectum. Appellant stated that by such act of sodomy the deceased hurt her and split her rectum. She further stated that on the night of the killing she believed that the deceased intended to again commit such an act upon her and that the reason she fired the pistol was to stop him from taking her away in his automobile and committing the act. Appellant denied any intention to kill the deceased.

The court submitted to the jury the issues of appellant's guilt of murder both with and without malice and of aggravated assault. The court also charged the jury on the appellant's right of self-defense, under Art. 1222, V.A.P.C., against an unlawful attack

by the deceased which created in her mind a reasonable apprehension of death or serious bodily injury.

Appellant predicated her appeal upon certain claimed errors in the court's charge.

Numerous objections were filed by appellant to the court's charge, among them being that the court did not instruct the jury on the appellant's right of self-defense under Art. 1224, V.A.P.C., against a milder attack at the hands of the deceased, and failed to charge the jury under Art 1222, V.A.P.C., that appellant had the right to defend herself against an act of sodomy attempted to be committed upon her by the deceased, the same as if the act had been rape.

It is held that for Art. 1224, supra, to apply, there must be an actual and violent attack on the part of the deceased. It has no application where the facts show only an apparent attack or the preparation to make an attack or to carry out a threat. See: Booker v. State, 165 Texas Cr. Rep. 44, 302 S.W. 2d 431, and cases there cited.

An accused is not entitled to an instruction under Art. 1224, supra, on the right of self-defense against a milder attack unless the evidence shows that the deceased was making an actual attack upon him or her at the time of the homicide. Montes v. State, 163 Texas Cr. Rep., 291 S.W. 2d 733.

In Curry v. State, 156 Texas Cr. Rep. 279, 242 S.W. 2d 421, we said:

"In order for a homicide to be justified under Art. 1224, P.C., it must appear:

"a.   That the accused resorted to all other means to prevent the injury, save retreat,

"b.   That the person killed was in the very act of assaulting the accused at the time he was killed, and

"c.   That the accused used no more force than was necessary as it appeared to him, viewed from his standpoint, to repel the attack."

There is no proof in the present case that when appellant shot and killed the deceased he was making an actual attack upon her.

Under appellant's own testimony, she shot the deceased to prevent him from taking her away to another place to commit an act of sodomy upon her. She made no claim that at the time she fired the fatal shot he was attempting to commit such act of sodomy upon her.

Under the record, no issue was raised as to appellant's defense against a milder attack, and the court did not err in refusing to so charge the jury.

Nor did the court err in failing to charge the jury, under Art. 1222, V.A.P.C., that appellant had the right to defend against an act of sodomy committed upon her by the deceased, the same as if the act had been rape.

While Art. 1222, supra, provides that homicide is justifiable in preventing certain felony offenses, including rape, it does not include the offense of sodomy.

Assuming, however, that appellant had the right to defend against an act of sodomy the same as an act of rape, such issue was not raised by the evidence.

The judgment is affirmed.

Opinion approved by the Court.