**Robert BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41631.**

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

---

M. M. Guinn, Rusk, Gordon Wellborn, Rex Houston, Henderson, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for assault with intent to murder with malice; the punishment, seven years' confinement in the Texas Department of Corrections.

It was undisputed that appellant shot the injured party, Lionel Newman, with a .22 calibre rifle. Both parties resided in the community of Maydelle, in Cherokee County, and the shooting occurred on a road leading to certain lands in which appellant and another person—for whom the injured party had worked—had a boundary dispute.

On the day in question, the injured party and a companion drove in a pickup truck down the road for the purpose of cutting a tree out of the road. When they came to a mudhole, the injured party, who was driving, got out to see the condition of the road.

The injured party testified that after he had looked at the mudhole and started back to his pickup he saw the appellant sitting in a pickup that was stopped some thirty-five or forty steps behind the witness's vehicle. The injured party then walked past his own pickup some twenty feet and stopped when he saw appellant move toward the door of his vehicle. Words were then exchanged between the two when the injured party inquired if appellant was following him and his companion, and appellant said, " 'You s-o-b, get off of my land and leave me alone,' " to which the injured party replied, " 'I think I have as much right on this road as anyone.' " Appellant then got out of his pickup with a gun and fired at least three shots at the injured party, inflicting bullet wounds in his stomach and arm. The injured party swore that at the time of the shooting he was unarmed and at no time made a threatening gesture toward appellant.

Testifying in his own behalf, appellant stated that on the day in question, as he was traveling down the road, he came upon the injured party's pickup, stopped near the mudhole. Appellant stated that as he was trying to back out his motor stalled and he observed the injured party coming toward him with a pistol in his hand. The injured party said, " 'What are you following me down here for? This is my road and I'm going to walk all over you.' " Appellant replied, " 'Lionel, leave me alone now, I dont want any trouble,' " to which the injured party said, " 'You got trouble.' " Appellant stated that he then stepped out of his pickup, loaded his .22 calibre rifle, and fired a shot at the injured party's feet. Appellant related that the injured party then "crow-hopped one-sided and he took about two steps toward me and he raised the gun and pointed it in my direction * * I took two shots at the gun," whereupon the injured party fell on his left side, and no more shots were fired. Appellant swore that the reason he shot the injured party was: "I was afraid of him, afraid he would shoot me," but that he did not intend to kill him. Appellant swore that he fired the first shot at the ground to stop the injured party and fired the next two shots at the gun in the injured party's hand.

The court, in his charge, instructed the jury on the appellant's right to defend himself against either a deadly or a milder attack, as provided by Arts. 1222 and 1224 of the Vernon's Ann.Penal Code. The charge also included an instruction on the law of threats.

In his first ground of error, appellant insists that the court erred in failing and refusing to charge the jury in accordance with Art. 1223 of the Penal Code, which reads:

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

No instruction was given by the court to the jury as to the presumption created by the statute, and appellant duly and timely objected to the charge on such ground.

 Under the decisions of this court where evidence raises the issue of whether a defendant is being or about to be assaulted with a deadly weapon by a deceased or injured party, failure to charge the jury with reference to the presumption created by the statute is error. Whatley v. State, 141 Tex.Cr.R. 436, 149 S.W.2d 98; Torres v. State, 158 Tex.Cr.R. 224, 254 S.W.2d 398; Valadez v. State, Tex.Cr.App., 385 S.W.2d 239.

Appellant's testimony was sufficient to raise an issue as to whether he was about to be assaulted with a deadly weapon by the injured party, and a charge on the statutory presumption created by Art. 1223, supra, should have been given.

We are unable to agree with the state that such a charge was not required.

According to appellant's testimony, the injured party was advancing upon him with a gun in his hand when the first shot was fired and the gun was pointed in his direction when he fired the second and third shots—which distinguishes the case from Threadgill v. State, 156 Tex.Cr.R. 157, 239 S.W.2d 813, cited by the state, where, according to the defendant's testimony, the deceased was shot in the back and could not have been in the act of committing an assault upon him with a deadly weapon, and Booker v. State, also cited by the state, 165 Tex.Cr.R. 44, 302 S.W.2d 431, where the injured party was merely in the act of attempting to reach for a gun when shot by the accused.

For the error pointed out, the judgment is reversed and the cause is remanded.