**Ricardo Robles ORTIZ and Roberto Gonzales Villarreal, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 45562.**

Court of Criminal Appeals of Texas.

Jan. 17, 1973.

Rehearing Denied March 7, 1973.

Abel Toscano, Jr., Harlington, for appellants.

F. T. Graham, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty., Brownville, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for assault with intent to murder; the punishment for each appellant, three years imprisonment.

The appellants urge that the evidence is insufficient to support their conviction.

On a Sunday afternoon, the appellants and two other young men, riding through a public park in an automobile, were stopped by an officer who had observed them making an obscene "finger sign" at some older men who were having a barbeque in the park. The officer admonished them concerning the act and they told him that it was done in response to similar conduct on the part of the men. The officer warned them to ignore the men and not to invite trouble.

About two hours later the appellants, with two different young men as passengers, again drove through the park close to the area where the men were having the barbeque. Three of the eight men walked toward the road carrying beer bottles. It was disputed as to whether one was carrying the knife which had been used to cut the barbeque. Ortiz, from the moving vehicle, fired three shots from a .22 caliber

pistol. One shot struck Natividad Sandoval in the leg above his ankle. Ortiz said he fired two shots into the air and one at the ground and that the bullet must have ricocheted; however, the course of the bullet was in a downward direction from the entry wound. Villarreal, who was then driving the car, turned around and as he drove back past the men he fired two shots toward them. According to the witness Marco Cortez, who was a brother-in-law of the injured party, Villarreal, speaking Spanish, said the shots were intended for Cortez. These bullets which Villarreal said he fired into the air did not strike anyone. Cortez said he threw a beer bottle at Villarreal because he was shooting at him. The appellants, during the entire time, remained in the moving vehicle and the other men were never closer to the automobile then ten feet.

■ The intent to kill may be inferred from the use of a deadly weapon. Article 45, Vernon's Ann.P.C. A pistol is a deadly weapon per se. Gamblin v. State, 476 S.W.2d 18 (Tex.Cr.App.1972) and Valle v. State, 438 S.W.2d 583 (Tex.Cr. App.1969). The evidence is sufficient for the jury to conclude that the injured party was shot with intent to kill. See and compare Klechka v. State, 475 S.W.2d 257 (Tex.Cr.App.1972). The evidence is sufficient to support the conviction of both appellants under the theory of principals.

Both appellants testified and their testimony was that they had not fired at the injured party, but had fired either toward the ground or into the air. It was their contention that the injured party had been accidentally struck by a ricocheting bullet. A defensive charge on accidental shooting was submitted to the jury.

The appellants assert that after timely objection they were erroneously deprived of a charge on the right of self-defense.

■ It is urged they were entitled to a charge on self-defense, arising from a reasonable expectation or fear of death or se-

rious bodily injury. Both appellants voluntarily testified and neither of them testified that they were in fear of death or serious bodily injury and there is no other evidence in the record requiring that the requested charge be given.

■ It is also their contention that a charge on milder attack; that is, on self-defense against an unlawful violent attack as provided by Article 1224, V.A.P.C., should have been given. This contention is without merit because the injured party was not shown to have been engaged in an actual, violent attack upon the appellants at the time he was shot. Dickson v. State, 463 S.W.2d 20 (Tex.Cr.App.1971); Henderson v. State, 402 S.W.2d 180 (Tex.Cr. App.1966); Mays v. State, 170 Tex.Cr.R. 293, 340 S.W.2d 43 (1960) and cf. Gavia v. State, Tex.Cr.App., 488 S.W.2d 420 (1972).

The appellants also urge that the court failed to charge the jury on the law of simple assault.

■ The charge submitted contained an instruction on the law of aggravated assault. The fact that the appellants denied an intent to kill is not sufficient to raise the issue of simple assault, Dickson v. State, 463 S.W.2d 20 (Tex.Cr.App.1971); Smith v. State, 411 S.W.2d 548 (Tex.Cr. App.1967) and Royal v. State, 154 Tex.Cr. R. 567, 228 S.W.2d 162, 229 S.W.2d 808 (1950), and ordinarily, the failure to give a charge on aggravated assault or simple assault is not error where the appellant used a weapon deadly per se. Gamblin v. State, supra; Dickson v. State, supra; Smith v. State, supra and Beasley v. State, 171 Tex.Cr.R. 115, 346 S.W.2d 123 (1961).

The remaining ground of error is that "The court erred in failing to declare a mistrial where the State sought to improperly introduce acts of misconduct as with regard to defendant Villarreal, whose character was not then and there put in issue . . . ."

During the cross-examination of one of the passengers who had been riding in the

automobile with the appellants at the time of the commission of the alleged offense, he was asked by the prosecutor the question as follows: "Do you know Robert has been in trouble with the law before?" There was an immediate objection that the prosecutor was improperly impeaching the witness. The jury was instructed not to consider the prosecutor's question and a request for a mistrial was denied.

 The objection made at the time of trial was as to improper impeachment of a witness. There was not an objection that "the State sought to improperly introduce acts of misconduct." In any event, an error in asking an improper aquestion or in admitting improper testimony may normally be cured by sustaining a timely objection and an instruction to the jury to disregard the same. Hopkins v. State, 480 S.W.2d 212 (Tex.Cr.App.1972) and White v. State, 444 S.W.2d 921 (Tex.Cr.App. 1969). We conclude the asking of the question for which complaint is made was not reversible error.

The judgments are affirmed.

Opinion approved by the Court.