**Gladys Ruth HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46193.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Joe J. Johnson, Jr., Fort Worth, for appellant.

Doug Crouch, Dist. Atty., Wayne E. Roberts and Roger W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The jury assessed punishment at two years.

The evidence is undisputed that appellant killed her husband, the deceased, at their home in the city of Fort Worth by shooting him with a pistol.

Appellant's sole contention is that the trial court erred in refusing to charge the jury on her right of self-defense against a lesser attack. We hold that no such charge was required and affirm.

When Officer J. L. Garrett arrived at the house, he knocked and appellant came to the door. He testified that she stated that it was she who had called for the police and she said, "Yes, I shot the s_ _ o_ _ b_ _ _ _." The deceased was found sitting on the couch in the living room. Officer Garrett then removed a pistol from appellant's handbag after she had directed him to it.

Following her arrest, appellant made and signed a statement admitting that she had shot the deceased with the pistol. When the statement was offered into evidence by the State, a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, type hearing was held outside the presence of the jury. The trial judge found that appellant made the statement freely and voluntarily.

In her statement, appellant stated that on the morning in question her husband returned home from his job at 5:15 a. m. and made her get up and have several drinks with him and then made her get in bed with him and commit an act of oral sodomy upon him. At approximately 9:00 a. m. she got up, dressed and went to the Boots and Saddle Lounge and had a beer. While there she saw a friend, told him what had happened and then asked him if he knew where she could get a gun. She then stated that her friend acquired a pistol for her from his neighbor at a cost of thirty-one dollars for the pistol and ammunition.

After purchasing a bottle of Jack Daniel whiskey, she returned home. Her husband had a few drinks, then asked her if she was ready to commit another act of sodomy. She said that she would not do that anymore and removed the pistol from her purse, aimed it at him and pulled the trigger. Nothing happened. Her husband laughed at her, and after telling him that he would not laugh at her again, she pulled the trigger, hitting him in the stomach as he was sitting on the couch.

Appellant testified that her husband had abused her on several occasions over the past few years. She said that he had broken several bones by beating her and that he had forced her to commit frequent acts of sodomy. She testified that she had not intended to kill her husband but that she only meant to shoot his "thing" off so that she would not have to commit such acts with him. Further, she stated that she lived in fear of him because he had physically abused her many times.

The trial court submitted to the jury the issues of appellant's guilt of murder both with and without malice. The court also charged on the appellant's right of self-defense, under Article 1222, Vernon's Ann. P.C., against an unlawful attack by the deceased which created in her mind a reasonable expectation or fear of death or serious bodily injury.

Appellant's contention is that the trial court erred in denying her written request for an instruction to the jury on her right of self-defense under Article 1224, V.A.P. C., against a milder attack at the hands of the deceased.

This Court has held that for Article 1224, supra, to apply there must be an actual and violent attack on the part of the deceased. An accused is not entitled to an instruction under Article 1224, supra, on the right of self-defense against a milder

attack unless the evidence shows that the deceased was making an actual attack upon her at the time of the homicide. In Howard v. State, 172 Tex.Cr.R. 352, 357 S.W.2d 403, the facts are very close to the evidence in this case. There the Court held that a charge on lesser attack was not required.

There is no proof in the present case that appellant shot and killed the deceased while he was actually making an attack upon her. In fact, under her own testimony, she shot deceased as he started to get up from the couch where he was sitting.

Under the record, the issue of milder attack is not raised. The trial court did not err in refusing to so charge the jury. Howard v. State, supra.

No reversible error being shown, the judgment is affirmed.