**Versie JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47243.**

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Rehearing Denied Dec. 19, 1973.

Alvan N. Wells, Jr., Killeen, C. Gordon Metcalf, Temple (on appeal only), for appellant.

Joe Carroll, Dist. Atty., Bob D. Odom, Asst. Dist. Atty, Belton, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for murder without malice where the punishment was assessed at five (5) years.

The evidence is undisputed that appellant shot her husband, Eddie Johnson, two times with a pistol.

In her first ground of error appellant contends the evidence was insufficient to support the verdict.

The record reveals that the shooting took place at the home of appellant and the deceased. Appellant was not feeling well and was lying down when the deceased came home. Deceased was intoxicated. He immediately started fussing at appellant and using vile language because she had failed to put some beer in the ice box. The deceased asked appellant to go with him to Cameron. She at first declined because she was not feeling well. The deceased started "cussing" again and after discussing the matter with Tommy Blackman, the appellant decided to go. She walked out of the house and she and the deceased got into a "scuffle" in the carport. Elza Daniels and appellant's daughter separated appellant and the deceased. Following the scuffle the deceased threw a soft drink bottle into a garbage can. Appellant went back into the house and the deceased followed. When the deceased came into the house he "threw" the door open. Appellant picked up a soft drink bottle. They got into another scuffle, which was described by Elza Daniels as a "little scuffle." Appellant and the deceased were again parted. Appellant put the bottle down. Then the deceased picked up a "Dr. Pepper" bottle. The deceased was shouting profane words at appellant. Appellant shot the deceased twice. Nei-

ther appellant nor the deceased was struck with a soft drink bottle during the entire incident.

Elza Daniels was in the room where the shooting occurred. He stated that he turned to get a cigarette and heard a "pop" like a cap pistol. He turned and saw the appellant with a pistol in her hand pointed toward the floor. The appellant then fired a second shot. Daniels testified on direct examination that appellant was approximately 10 feet from the deceased at the time the second shot was fired.

Appellant testified that the deceased threatened her life, that she feared him, and that he was coming toward her with the bottle in his hand at the time of the shooting. She stated that she aimed at the deceased's legs, trying to stop him, and she did not intend to kill the deceased. Appellant estimated that the deceased was about 5 feet from her when she fired the second shot.

■ The trial court charged the jury on the offense of murder with and without malice, self-defense, and the right to continue to shoot when acting in self-defense. The evidence is sufficient to support the verdict of the jury that the appellant was guilty of murder without malice.

Appellant next contends that the court erred in failing to submit a charge to the jury on the presumption created by Article 1223, Vernon's Ann.P.C., which provides as follows:

"When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

This Court said in Sistrunk v. State, 486 S.W.2d 304 (Tex.Cr.App.1972) that in or-

der for the statutory presumption to arise the following must be shown:

"(1) that the deceased had a weapon; (2) that such weapon, in the manner of its use, was calculated to cause death or serious bodily injury; and (3) that deceased was using the weapon against the accused (or third party) at the time the accused killed the attacker."

■ The soft drink bottle held by the deceased at the time of the shooting was not a deadly weapon per se. There is no evidence that the deceased ever struck appellant with the bottle. In Booker v. State, 165 Tex.Cr.R. 44, 302 S.W.2d 431, 432 (1957) this Court said that the weapon must, in fact, be used by the injured party, and the mere possession or attempt to use the weapon is not sufficient to invoke the presumption of the statute.

In *Sistrunk* the evidence showed that the deceased had struck the appellant's son with a pool cue, knocking him to his knees, and was about to hit him again, when the appellant shot the deceased. Here, there is no evidence that deceased ever used the soft drink bottle as a weapon against appellant. Appellant's second ground of error is overruled.

Appellant's last complaint is that the trial court erred by not instructing the jury upon her right of self-defense under Article 1224, Vernon's Ann.P.C., against a milder attack.

In Henderson v. State, 402 S.W.2d 180 (Tex.Cr.App.1966), this Court said:

"Where the evidence does not show an actual attack being made by the person killed, no necessity exists for the trial court to charge as to the right of the accused to defend against a milder attack as distinguished from a deadly attack. Booker v. State, 165 Tex.Cr.R. 44, 302 S.W.2d 431; Mays v. State, 170 Tex.Cr. R. 293, 340 S.W.2d 43."

See also Howard v. State, 172 Tex.Cr.R. 352, 357 S.W.2d 403 (1962); Montes v.

State, 163 Tex.Cr.R. 416, 291 S.W.2d 733 (1956); and Mays v. State, 170 Tex.Cr.R. 293, 340 S.W.2d 43 (1960).

There is no proof in the present case that when appellant shot and killed the deceased he was making an actual attack upon her.

We have considered all grounds of error and all are overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.