Vernon Frank STONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 48283.

Court of Criminal Appeals of Texas.

June 19, 1974.

Warren Heagy, Odessa, for appellant.

John H. Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, and Jim D. Vollers, States Atty., Austin, for the State.

## OPINION

CHADICK, Commissioner.

This is an appeal from a murder with malice conviction. Punishment of twenty-six years' confinement was assessed in a jury trial.

It is first urged that argument by the prosecutor that he would not prosecute an innocent man constituted reversible error. Appellant's counsel objected to such argument and moved that the jury be instructed to disregard it. The objection was sustained and the instruction given. No ruling adverse to the appellant was made. All relief requested was given. The record presents nothing for appellate review. Burks v. State, 432 S.W.2d 925 (Tex.Cr.App.1968); Randolph v. State, 464 S.W.2d 658 (Tex.Cr.App.1971). The sufficiency of the instruction to cure the alleged error is not an appeal issue, nor is the question of invited error reached.

In the course of summation, the prosecutor on three separate occasions

mentioned that criminal trials are bifurcated and undertook a partial explanation of the procedure. The first and third such statements were objected to by appellant's counsel. The second was allowed to pass without objection. In response to each objection the trial judge gave the jury an instruction to disregard the prosecutor's argument. Such instructions were followed by motions for mistrial which were overruled. The sufficiency and remedial effect of the court instruction is not questioned and appellant has not suggested the specific actual or theoretical harm that resulted from such comment. Under the circumstances shown, the instruction is presumed to have corrected any error in the argument. Terry v. State, 481 S.W.2d 870 (Tex.Cr.App.1972). And, of course, no reviewable error is preserved in the instance where no objection was made. Thurmond v. State, 441 S.W.2d 528 (Tex.Cr.App. 1969); 5 Tex.Jur.2d, Appeal and Error—Criminal, Sections 44 and 436.

■ The fourth segment of the prosecutor's argument that is brought into question is his statement that "we" (referring to prosecuting counsel) "are not bound by the same rules as they are" (referring to the defense). Objection was that such an argument was a misstatement of the law. The objection was overruled. The prosecutor proceeded to explain to the jury that the prosecution was compelled by law to furnish a defendant a list of prosecution witnesses, but that the defendant was not required to furnish the prosecution a list of defense witnesses. The explanation clarified the prosecutor's inept statement and clearly showed that he was merely saying that because of the differing positions of the parties the rules sometimes affect the parties differently. In the context of the whole record, no prejudice to the appellant is shown. Vineyard v. State, 96 Tex.Cr.R. 401, 257 S.W. 548 (1924); Evans v. State, 168 Tex.Cr.R. 591, 330 S.W. 2d 455 (1959); 5 Tex.Jur.2d, Section 436.

Appellant has cited no authority in support of the contention urged.

Unlike the argument heretofore discussed, all of which occurred in summation following the guilt-innocence phase of trial, the sixth and last segment of the argument objected to occurred during summation in the penalty phase. The prosecutor argued that, "It is up to the Board of Pardons and Paroles to determine how long he will be down there regardless of what you give, so keep that in mind." No objection was voiced, no motion to disregard or motion for mistrial was made. For reasons initially discussed herein and authorities cited, nothing was preserved for review. See also Fairley v. State, 493 S.W.2d 179 (Tex.Cr.App.1973).

The indictment herein alleged, ". . . that Vernon Frank Stone . . . did . . . kill Alvin Dwain Cornish by shooting him with a gun . . . ." At the close of evidence by the prosecution, counsel for appellant moved for an instructed verdict on the ground that the prosecution "has totally failed to prove the allegations in the indictment, to-wit, that the deceased was Alvin Dwain Cornish as alleged in the indictment." Here, as in Saulter v. State, 151 Tex.Cr.R. 550, 209 S.W.2d 184 (1948), the question is: ". . . identification of the body of the person alleged in the indictment as having been killed rather than want of sufficient evidence of the corpus delicti." In Lopez v. State, 482 S.W.2d 179 (Tex. Cr.App.1972) a similar question of identity was disposed of in this language: "Officer Bolling testified without objection that the name of the deceased was Guadalupe Flores Garcia. Again, without objection, he testified that he learned that the deceased was a Mexican National named Guadalupe Flores Garcia. The contention that the deceased was not identified is overruled."

■ In this case, the appellant testified that Alvin Dwain Cornish displayed a

handgun and threatened him while both were in a restroom at the Am Vet Club in Odessa. Shortly after the alleged threat the two met face to face at the entrance of the club, and, according to appellant's testimony, Alvin Dwain Cornish reached for a gun in his belt, and he, the appellant, pulled his pistol and shot it in Cornish's direction, then turned and ran. Appellant swore he intended to shoot over Cornish's head to scare him and did not know whether he hit Cornish or not. A State's witness and a companion of Cornish on the fatal occasion testified that as appellant, with pistol in hand, and Cornish met in the club doorway appellant shot Cornish in the left eye. This witness also testified as to the "person who was killed, Mr. Cornish" and referred to Cornish as the "deceased" a number of times in his testimony. A pathologist testified to performance of an autopsy on "Mr. Cornish" the day of the alleged killing and determined death was caused by "a single gunshot wound that entered the head through the left eye and extended through the head, causing extensive brain damage and skull fracture." This, together with assumption of identity in the statements and questions of counsel and answers of witnesses appearing throughout the record, clearly identified the person killed by appellant as Alvin Dwain Cornish, the person the indictment alleged appellant killed. The evidence meets the requirements of Article 1204, Vernon's Ann. P.C. The ground of error is without merit.

█ Appellant acknowledged having a pistol in hand as he entered the club door and his testimony describing the conduct of Cornish just prior to the shooting episode developed in this fashion:

"Q. As you started to go back in to use the phone, did you see the deceased, Alvin Dwain Cornish, and where was he?

"A. Right here, coming around (pointing to a drawing of the Am Vet Club's premises).

"Q. Were there several other black dudes with him?

"A. Yes.

"Q. Was he making any type of motion towards his gun?

"A. He raised his shirt back up and reached for it.

"Q. What did you do at that point?

"A. I had my pistol and I shoot over his head, I thought. I tried to shoot over his head, I guess. I wanted to scare him, when I done that, I turned around and run this way."

Appellant made written requests for an instruction authorized by the terms of Article 1223, V.A.P.C.[1] pertaining to justifiable homicide. The court refused the instruction. No contention is made that the court's charge on the law of threats and self-defense was not sufficient.

No case has been cited by appellant and no case has been found in which a threat and a gesture toward a weapon have been held to require an instruction on the Article 1223 presumption. In all cases cited by appellant holding an instruction in accordance with Article 1223 should have been given, there was evidence in the record that the accused was defending himself from an assailant shown to have a weapon in hand. Here the appellant says the assailant was reaching for a gun. In DeVault v. State, 159 Tex.Cr.R. 360, 264 S.W.2d 126 (1954), referring to Article 1223, this court said:

"It has been the consistent holding of this Court that before the presumption

1. "When the homicide takes place to prevent murder, maiming, disfiguring or castration, if the weapon or means used by the party attempting or committing such murder, maiming, disfiguring or castration are such as would have been calculated to produce that result, it is to be presumed that the person so using them designed to inflict the injury."

of said Article comes into play there must be a showing (1) that the deceased had a weapon, (2) that such weapon in the manner of its use was calculated to cause death, and (3) that the deceased was using the weapon to make an assault upon the appellant at the time the appellant fired the fatal shot."

Booker v. State, 165 Tex.Cr.R. 44, 302 S. W.2d 431 (1957) emphasizes the significance of *use* of a weapon by the party committing or attempting to commit a murder. In *Booker* there was evidence that the injured party was attempting to reach for and get a shotgun for the purpose of carrying out a threat to kill the appellant. It was there said:

"The construction placed upon that statute is that in order for it to be applicable the deadly weapon must, in fact, be used by the injured party. Mere possession or an attempt to use or to secure the weapon was not sufficient to invoke the presumption of the statute."

The trial court's refusal to submit the requested instruction was not error.

Lastly, appellant grounds error on the insufficiency of the evidence to support a jury finding of malice. The prosecution offered evidence that the appellant was accusing Cornish of having several weeks earlier been a party to a gambling connivance in which a pool *shark* had won a considerable amount of money from appellant. According to prosecution testimony, Cornish was trying to placate appellant and explain to him that he (appellant) was mistaking Cornish for some other person at the time the appellant fired his gun. The evidence abundantly supports the jury's finding of malice.

The judgment is affirmed.

Opinion approved by the Court.