William Danny
PRUDHOMME, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–180–CR.

Court of Appeals of Texas,
Beaumont.

Sept. 26, 1984.
Rehearing Denied Oct. 10, 1984.

Victor Meroney, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of aggravated assault. After the verdict of guilty, though appellant had previously elected to have punishment assessed by a jury, the trial court withdrew the penalty phase of trial from jury consideration and assessed a life sentence. Appeal has been perfected to this Court.

■ Appellant's first ground of error follows:

"The trial court erred by withdrawing the assessment of punishment from the jury because a question of fact existed for jury determination."

After the trial court believed appellant had admitted to final convictions in two prior felonies, the trial court withdrew the consideration of sentence from the jury and imposed a life sentence on appellant as an habitual criminal. Appellant relies upon *Washington v. State*, 654 S.W.2d 10 (Tex. App.—Corpus Christi 1982, no writ), that the jury could disbelieve the admissions of a defendant as to the truth of the enhancement allegations. That case does squarely stand for the proposition urged by appellant:

"We are of the opinion that the trial court erred in withdrawing the question concerning appellant's prior convictions from the jury. Even though he had admitted to them from the witness stand, a question of fact still existed."

*Washington, supra.*

Unfortunately for appellant, this holding conflicts with a prior decision of our Court of Criminal Appeals. *Ballard v. State*, 438 S.W.2d 924, 926 (Tex.Crim.App.1969):

"In cases where the alleged prior convictions are admitted by the accused, the issue [of enhancement] need not be submitted to the jury. [citations omitted]"

This ground of error is overruled.

■ Appellant's second ground of error follows:

"The trial court erred by assessing Appellant's punishment at life when the record contains insufficient evidence to prove the habitual offender allegations in the indictment."

The record reveals the following testimony:

"Q  I would like to ask you a couple of questions now, Mr. Prudhomme. I want to ask you, first of all, if you are the same William Danny Prudhomme who was convicted on August 9, 1976, for the felony offense of burglary of a vehicle in cause number 32,255 in the Criminal District Court of Jefferson County, Texas, and sent to prison for a term of .10 years  Are you the same William Danny Prudhomme?

"A  Yes.

"Q  I would like to ask you if you are also the same William Danny Prudhomme that was finally convicted on September 26, 1980, in cause number 38,695 in the Criminal District Court of Jefferson County, Texas, for the offense of burglary?

"A  Yes.

\*    \*    \*    \*    \*    \*

"Q  Both these offenses for which you were finally convicted and sent to the penitentiary for, did they occur before this offense for which you are being tried now?

"A  Yes, they did.

"Q  Both final, you have been to the penitentiary and out on each of those offenses on *separate* dates? [emphasis supplied]

"A  Yes, sir."

The sequence was thus established. Appellant went to prison for the first conviction and was released. It follows that the second offense occurred after the first conviction became final. *See Peters v. State*,

555

575 S.W.2d 560 (Tex.Crim.App.1979). This ground of error is overruled.

■ Appellant's final ground of error concerns prosecutorial argument. We find that the argument was improper but the court sustained Appellant's objection and charged the jury to disregard the argument. The argument was cured by the instruction. *Stone v. State*, 510 S.W.2d 612 (Tex.Crim.App.1974). *See also 26 TEX.JUR.3d Criminal Law secs. 3946 and 3947* (1983). This ground of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.